# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00460-CR

**Brandon Dewayne Johnson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. 20,293-CR, HONORABLE ED MAGRE, JUDGE PRESIDING

A jury found appellant Brandon Dewayne Johnson guilty of aggravated kidnapping, for which the district court assessed punishment at twenty years' imprisonment. *See* Tex. Pen. Code Ann. § 20.04 (West Supp. 2002). Appellant contends he is entitled to a new trial because the court reporter failed to record certain bench conferences during jury selection. We will overrule this contention and affirm the conviction.

After the jury panel entered the courtroom and was sworn, the court welcomed the panelists and began discussing the qualifications for jury service.

> THE COURT: I'm going over the qualifications for jury service. As I read these qualifications if you feel you are unqualified, raise your hand and when I finish reading the list then step up to the bench and we'll discuss whether or not you are qualified or disqualified.

> (Statutory Qualifications Read)

> THE COURT: If any of you feel you don't meet any of those qualifications, raise your hand and I'll bring you up to the bench one at a time.

First row?  Second row?

JUROR:    I take a medication for pain.

THE COURT:  We'll get to excuses later.  These are just qualifications.  If you've got an excuse and have to be here or there, you're a hundred and ten years old, you've got seventeen kids at home – tell me those later.  Right now, I just want to know if you're a qualified juror.

The gentleman in the back row.  Do you want to step up here?

(Off Record Discussion)

THE COURT:  Number 114 is excused.

Were there other hands?  The gentleman on the third row.

(Off Record Discussion)

THE COURT:  Number 76 is excused.

Anybody on the fourth row?

The lady on the last row.  You may step up here.

(Off Record Discussion)

THE COURT:  Number 38 is excused.

Any other hands?  Yes, sir.

(Off Record Discussion)

THE COURT:  All right.  No other hands?

At this point, the court turned to the subject of exemptions from jury duty.

Appellant contends that appellate rule 13.1 was violated because the court reporter failed to make a record of the four bench conferences noted above. Tex. R. App. P. 13.1.  Rule 13.1

requires the court reporter to "attend court sessions and make a full record of the proceedings unless excused by agreement of the parties." *Id*. rule 13.1(a). Appellant argues that because the parties had not agreed to dispense with the recording of the bench conferences, the reporter's failure to make a record of the conferences was error. Appellant relies on the opinion in *Tanguma v. State*, 47 S.W.3d 663, 673-74 (Tex. App.—Corpus Christi 2001, pet. ref'd). The court held in that case that under rule 13.1(a), it is error for a court reporter to fail to record a bench conference that occurs after trial proceedings have begun without the explicit agreement of the parties. *Id*. at 674. The court ruled that case law interpreting a predecessor rule, holding that a defendant must object to the reporter's failure to record proceedings in order to preserve the issue for appeal, was not applicable to violations of rule 13.1(a) and that the error was not waived by the defendant's failure to object. *Id*. *But see Polasek v. State*, 16 S.W.3d 82, 88-89 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (rule 13.1(a) conflicts with Tex. Gov't Code Ann. § 52.046 (West 1998) and is void).

Assuming without deciding that rule 13.1(a) was violated and that appellant did not forfeit his right to complain on appeal by failing to object at trial, we must decide if the error requires that appellant's conviction be reversed. Appellant argues that the error defies harm analysis because it is impossible to determine whether prejudicial error occurred during the unrecorded conferences. He asserts that the failure to record the conferences should be deemed reversible error as a matter of law. We disagree.

Except for certain federal constitutional errors labeled by the United States Supreme Court as "structural," no error is categorically immune to a harmless error analysis. *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). A structural error is a constitutional deprivation

3

affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself. *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). The failure of the court reporter to record a bench conference is not a structural error. *Tanguma*, 47 S.W.3d at 675; *see Fulminante*, 499 U.S. at 309-10 (listing errors deemed structural). To the contrary, it is a procedural defect or irregularity that must be disregarded unless a substantial right was affected. *Tanguma*, 47 S.W.3d at 676; *see* Tex. R. App. P. 44.2(b).

During the first three unrecorded bench conferences, three panelists were excluded from jury service on the basis of a statutory disqualification. During the last unrecorded conference, a panelist was apparently determined to be qualified for service. If the failure to record the bench conferences harmed appellant, it was in depriving him of a record adequate to show error in the court's rulings. But appellant, who was present with counsel, did not object when panelists 114, 76, and 38 were disqualified, nor did he object when the fourth panelist interviewed at the bench was deemed qualified for service. Independent of any duty imposed on the court reporter by rule 13.1(a) to record the bench conferences, it was appellant's duty to object to any improper ruling by the trial court regarding the qualifications for jury service. *See Tanguma*, 47 S.W.3d at 678 (reporter's failure to record bench conferences did not excuse defendant from duty to properly preserve error in rulings on challenges for cause); Tex. R. App. P. 33.1; *see also Mayo v. State*, 4 S.W.3d 9, 12 (Tex. Crim. App. 1999) (defendant must timely object or show significant harm from service by disqualified juror); *Ladd v. State*, 3 S.W.3d 547, 562 (Tex. Crim. App. 1999) (failure to object when panelist excused for cause forfeits issue on appeal); *Mays v. State*, 726 S.W.2d 937, 950 (Tex. Crim. App. 1986) (failure to object when panelist excused for economic hardship forfeits issue on appeal).

4

Appellant did not object to the district court's rulings regarding the qualifications of the four panelists interviewed by the court during the unrecorded bench conferences. He does not contend that a panelist was erroneously determined to be disqualified, or that this ruling deprived him of a lawfully constituted jury. *See Jones v. State*, 982 S.W.2d 386, 394 (Tex. Crim. App. 1998) (erroneous excusing of panelist is reversible only if defendant deprived of lawfully constituted jury). Neither does he contend that a disqualified juror sat on the jury to his significant harm. *See Mayo*, 4 S.W.3d at 12. Under the circumstances, the failure of the court reporter to record the four bench conferences at which the court heard and ruled on the panelists' qualifications for service, if error, did not affect appellant's substantial rights.

We resolve the issues raised by appellant against him, and we affirm the judgment of conviction.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: April 18, 2002

Publish