# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00494-CR

**Charles Christopher Norris, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A-00-0869-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

A jury convicted appellant Charles Christopher Norris on three counts of aggravated assault with a deadly weapon and assessed punishment at eight years= imprisonment. In eight issues, appellant appeals his conviction, arguing that (1) the trial court erred in admitting extraneous offense evidence; (2) his counsel rendered ineffective assistance; (3) the prosecutor engaged in misconduct that deprived him of due process and due course of law; and (4) the court reporter created error by failing to make a complete record of the trial court proceedings. We affirm the judgment.

## BACKGROUND

The events leading to appellant=s conviction occurred one night in October 2000 after appellant, with his girlfriend and a male friend, played pool and consumed alcohol at a bar. When the three of them left the bar, appellant and his girlfriend argued in the parking lot about who was going to drive. People coming out of the bar witnessed the argument and walked toward appellant=s truck to break up the altercation. Appellant pulled out a gun, pointed it at three observers, and told

everyone to go back into the bar. Appellant left in the truck with his girlfriend and the male friend; some of the observers called the police. A few minutes later, the police stopped the truck, found two handguns in the vehicle, and arrested appellant.

At trial, the prosecutor asked the male friend accompanying appellant in his truck on the night of the incident about the guns. Specifically, the prosecutor asked, AIs the defendant even supposed to be around a handgun?@ Appellant=s counsel did not object to this question. After a few more questions to the same witness, the prosecutor stated, Aand he=s not supposed to be around guns.@ At that point, appellant=s counsel objected. Outside of the jury=s presence, appellant=s counsel asserted that there had been no testimony about whether appellant was supposed to be around handguns, that there was no reason to ask the question, and that the question was prejudicial in suggesting that appellant had a prior record. The trial court ruled that there was no error but admonished the prosecutor that there was no basis for the question. After the trial, appellant=s counsel filed a motion for new trial, contending that (i) the prosecutor=s question caused irreparable harm by informing the jury of defendant=s prior felony conviction and (ii) the prosecutor tried to intimidate and tamper with a witness. The trial court denied the motion for new trial.

**DISCUSSION**

Five of appellant=s eight issues stem from the prosecutor=s references to whether appellant was Asupposed to be around guns.@ Appellant contends in his first and second issues that the trial court erred in overruling counsel=s objection to the *statement* because the mention of whether appellant should be around guns was irrelevant, assumed facts not in evidence, and was prejudicial by suggesting appellant=s criminal history to the jury. **A defendant must make a timely objection to**

preserve error. **Tex. R. App. P. 33.1;** *see also Johnson v. State*, **878 S.W.2d 164, 167 (Tex. Crim. App. 1994). He should make the objection as soon as the ground for the objection is apparent, which is usually when the evidence is admitted.** *Thompson v. State*, **691 S.W.2d 627, 635 (Tex. Crim. App. 1984). If he does not object until after an objectionable question has been asked and answered, and he is unable to show a legitimate reason to justify the delay, his objection is deemed untimely and error is waived.** *Dinkins v. State*, **894 S.W.2d 330, 355 (Tex. Crim. App. 1995).** Appellant=s counsel failed to object to the prosecutor=s initial question about whether appellant was supposed to be around guns. Because he gave no reason for failing to object, his later objection was untimely, and he waived error as to these contentions. *See id.* Counsel additionally waived error by failing to request a curative instruction for the jury to disregard these references. We overrule appellant=s first and second issues.

In his third, fourth, and fifth issues, appellant argues that his counsel rendered ineffective assistance by (i) failing to object to the *question* about whether appellant should be around guns and (ii) repeatedly failing to object to the State=s questioning of several witnesses about whether their trial testimony was substantially similar to their statements to the police. **We assess claims of ineffective assistance against the standards set forth in** *Strickland v. Washington*, **466 U.S. 668, 687-89 (1984).** *See Thompson v. State*, **9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Our review is highly deferential.** *Strickland*, **466 U.S. at 689. Appellant has the burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence.** *See Thompson*, **9 S.W.3d at 813. When a reviewing court examines whether trial counsel was ineffective, there is a**

3

presumption that trial counsel=s actions were part of his trial strategy. *Strickland*, 466 U.S. at 689; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Appellant must overcome a strong presumption that his counsel=s conduct (i) fell within the wide range of reasonably professional assistance, *see Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000), and (ii) might be considered sound trial strategy, *see Jackson*, 877 S.W.2d at 771. Trial strategy may constitute ineffective assistance only if the record demonstrates that trial counsel acted without any plausible basis. *Thompson*, 9 S.W.3d at 813. Appellant=s burden is made more difficult when, as in this case, the appellant does not file a motion for new trial asserting ineffective assistance, which would have allowed trial counsel to testify about his trial strategy at a hearing. *See id.* at 813-14; *Jackson*, 877 S.W.2d at 771.

Appellant contends that his counsel should have objected to the question about whether appellant should be around guns because it was extraneous offense testimony and therefore irrelevant. Appellant also claims that his counsel was ineffective by not objecting to the prosecutor=s questions during her direct examination of five witnesses regarding whether their trial testimony was substantially similar to their statements to the police. He argues that his counsel should have objected because these questions bolstered the witnesses= testimony. Evidence is Abolstering@ if

> the *sole* purpose of [the evidence] is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantively contributing Ato make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.@

*Cohn v. State*, 849 S.W.2d 817, 819-20 (Tex. Crim. App. 1993) (quoting Texas Rule of Criminal Evidence 401) (emphasis in original). Because the Texas Rules of Evidence do not specifically prohibit bolstering evidence, a party seeking to exclude such evidence should object on a ground that precludes admissibility, such as irrelevance or substantial prejudice. *See Wigiert v. State*, 948 S.W.2d 54, 59 n.1 (Tex. App.CFort Worth 1997, no pet.). Without a properly developed record, not present here, we cannot second-guess counsel=s trial strategy by declaring that his failure to object in any of these circumstances was not sound. *See Strickland*, **466 U.S. at 689. On the record before us, we cannot conclude that counsel=s failure to object fell below an objective standard of reasonablenessC the first requirement under** *Strickland***.** *See id.* **at 693-94. Because appellant=s claim of ineffective assistance of counsel fails the first prong of** *Strickland***, we need not reach the second prong.** *See id***. at 697. We overrule appellant=s third, fourth, and fifth issues.**

In his sixth and seventh issues, appellant contends that the prosecutor engaged in misconduct, first by raising the issue of whether appellant should have been around guns, which he asserts informed a former probation officer on the jury about appellant=s criminal record, and second by asking the military to investigate possible perjury by a member of the Air Force who testified at trial. The prosecutor requested the investigation because the witness=s telephone interview a few months before trial differed from his interview with the police shortly after the incident. Appellant argues that this alleged prosecutorial misconduct deprived him of (i) due process of law under section 1 of the Fourteenth Amendment of the United States Constitution and (ii) a trial conducted according to due course of law under article I, section 19 of the Texas Constitution. **To preserve error for appellate review, the complaining party must make a timely, specific objection and**

**obtain an adverse ruling on the objection.** *See* **Tex. R. App. P. 33.1(a);** *Broxton v. State***, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). To preserve error about lack of due process or due course of law, an appellant must lodge a proper and timely objection at trial on these grounds.** *See Briggs v. State***, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990);** *Phelps v. State***, 999 S.W.2d 512, 518 (Tex. App.С Eastland 1999, pet. ref=d) (citing** *Holland v. State***, 802 S.W.2d 696, 699-700 (Tex. Crim. App. 1991)). Although appellant filed a motion for new trial asserting prosecutorial misconduct, appellant did not raise either constitutional issue in the motion or at trial and therefore failed to preserve these arguments for appellate review. Tex. R. App. P. 33.1(a).** We overrule appellant≡s sixth and seventh issues.

In his eighth issue, appellant urges that the court reporter≡s failure to record sixteen bench conferencesСone during pre-trial proceedings, five during voir dire, and ten during the trialСviolated the Texas Rules of Appellate Procedure and caused harm in depriving him of a complete record for the purposes of appeal. *See* Tex. R. App. P. 13.1(a). Rule 13.1(a) requires a court reporter to Аattend court sessions and make a full record of the proceedings unless excused by agreement of the parties.@ *Id.* The record does not reflect an agreement of the parties to excuse the court reporter from any of the proceedings. In this case, however, we need not decide whether such failure violates rule 13.1(a) or even whether appellant preserved error on this point. *See Johnson v. State*, No. 03-01-00460-CR, slip op. at 4, 2002 Tex. App. LEXIS 2726, at *4-6 (Tex. App.САustin Apr. 18, 2002, no pet. h.). In *Johnson*, we held that the failure to record bench conferences is a procedural defect that must be disregarded unless it affected appellant≡s substantial rights. *Id.* at *5. **The error affects appellant≡s substantial rights if it had a Аsubstantial and injurious effect or**

6

**influence in determining the jury=s verdict.@** *King v. State*, **953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing** *Kotteakos v. United States*, **328 U.S. 750, 776 (1946)). Appellant does not give any specific reasons why the failure to record the bench conferences was harmful, contending that Aany harm is beyond quantification@ because he cannot determine the contents of the missing recordings. Because the record does not reveal that the court reporter=s failure to record sixteen bench conferences affected appellant=s substantial rights, we overrule appellant=s eighth issue.**

## CONCLUSION

Having overruled appellant=s issues, we affirm the judgment of conviction.

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   April 25, 2002

Do Not Publish

7