TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00494-CR






Charles Christopher Norris, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-00-0869-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING





 A jury convicted appellant Charles Christopher Norris on three counts of aggravated
assault with a deadly weapon and assessed punishment at eight years' imprisonment. In eight issues,
appellant appeals his conviction, arguing that (1) the trial court erred in admitting extraneous offense
evidence; (2) his counsel rendered ineffective assistance; (3) the prosecutor engaged in misconduct
that deprived him of due process and due course of law; and (4) the court reporter created error by
failing to make a complete record of the trial court proceedings. We affirm the judgment.


BACKGROUND

 The events leading to appellant's conviction occurred one night in October 2000 after
appellant, with his girlfriend and a male friend, played pool and consumed alcohol at a bar. When
the three of them left the bar, appellant and his girlfriend argued in the parking lot about who was
going to drive. People coming out of the bar witnessed the argument and walked toward appellant's
truck to break up the altercation. Appellant pulled out a gun, pointed it at three observers, and told
everyone to go back into the bar. Appellant left in the truck with his girlfriend and the male friend;
some of the observers called the police. A few minutes later, the police stopped the truck, found two
handguns in the vehicle, and arrested appellant.

 At trial, the prosecutor asked the male friend accompanying appellant in his truck on
the night of the incident about the guns. Specifically, the prosecutor asked, "Is the defendant even
supposed to be around a handgun?" Appellant's counsel did not object to this question. After a few
more questions to the same witness, the prosecutor stated, "and he's not supposed to be around
guns." At that point, appellant's counsel objected. Outside of the jury's presence, appellant's
counsel asserted that there had been no testimony about whether appellant was supposed to be
around handguns, that there was no reason to ask the question, and that the question was prejudicial
in suggesting that appellant had a prior record. The trial court ruled that there was no error but
admonished the prosecutor that there was no basis for the question. After the trial, appellant's
counsel filed a motion for new trial, contending that (i) the prosecutor's question caused irreparable
harm by informing the jury of defendant's prior felony conviction and (ii) the prosecutor tried to
intimidate and tamper with a witness. The trial court denied the motion for new trial.


DISCUSSION

 Five of appellant's eight issues stem from the prosecutor's references to whether
appellant was "supposed to be around guns." Appellant contends in his first and second issues that
the trial court erred in overruling counsel's objection to the statement because the mention of
whether appellant should be around guns was irrelevant, assumed facts not in evidence, and was
prejudicial by suggesting appellant's criminal history to the jury. A defendant must make a timely
objection to preserve error. Tex. R. App. P. 33.1; see also Johnson v. State, 878 S.W.2d 164, 167
(Tex. Crim. App. 1994). He should make the objection as soon as the ground for the objection is
apparent, which is usually when the evidence is admitted. Thompson v. State, 691 S.W.2d 627, 635
(Tex. Crim. App. 1984). If he does not object until after an objectionable question has been asked
and answered, and he is unable to show a legitimate reason to justify the delay, his objection is
deemed untimely and error is waived. Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim. App.
1995). Appellant's counsel failed to object to the prosecutor's initial question about whether
appellant was supposed to be around guns. Because he gave no reason for failing to object, his later
objection was untimely, and he waived error as to these contentions. See id. Counsel additionally
waived error by failing to request a curative instruction for the jury to disregard these references. 
We overrule appellant's first and second issues.

 In his third, fourth, and fifth issues, appellant argues that his counsel rendered
ineffective assistance by (i) failing to object to the question about whether appellant should be
around guns and (ii) repeatedly failing to object to the State's questioning of several witnesses about
whether their trial testimony was substantially similar to their statements to the police. We assess
claims of ineffective assistance against the standards set forth in Strickland v. Washington, 466 U.S.
668, 687-89 (1984). See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Our review
is highly deferential. Strickland, 466 U.S. at 689. Appellant has the burden to prove a claim of
ineffective assistance of counsel by a preponderance of the evidence. See Thompson, 9 S.W.3d at
813. When a reviewing court examines whether trial counsel was ineffective, there is a presumption
that trial counsel's actions were part of his trial strategy. Strickland, 466 U.S. at 689; Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Appellant must overcome a strong presumption
that his counsel's conduct (i) fell within the wide range of reasonably professional assistance, see
Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000), and (ii) might be considered sound trial
strategy, see Jackson, 877 S.W.2d at 771. Trial strategy may constitute ineffective assistance only
if the record demonstrates that trial counsel acted without any plausible basis. Thompson, 9 S.W.3d
at 813. Appellant's burden is made more difficult when, as in this case, the appellant does not file
a motion for new trial asserting ineffective assistance, which would have allowed trial counsel to
testify about his trial strategy at a hearing. See id. at 813-14; Jackson, 877 S.W.2d at 771.

 Appellant contends that his counsel should have objected to the question about
whether appellant should be around guns because it was extraneous offense testimony and therefore
irrelevant. Appellant also claims that his counsel was ineffective by not objecting to the prosecutor's
questions during her direct examination of five witnesses regarding whether their trial testimony was
substantially similar to their statements to the police. He argues that his counsel should have
objected because these questions bolstered the witnesses' testimony. Evidence is "bolstering" if


the sole purpose of [the evidence] is to convince the factfinder that a particular
witness or source of evidence is worthy of credit, without substantively contributing
"to make the existence of a fact that is of consequence to the determination of the
action more or less probable than it would be without the evidence."



Cohn v. State, 849 S.W.2d 817, 819-20 (Tex. Crim. App. 1993) (quoting Texas Rule of Criminal
Evidence 401) (emphasis in original). Because the Texas Rules of Evidence do not specifically
prohibit bolstering evidence, a party seeking to exclude such evidence should object on a ground that
precludes admissibility, such as irrelevance or substantial prejudice. See Wigiert v. State, 948
S.W.2d 54, 59 n.1 (Tex. App.--Fort Worth 1997, no pet.). Without a properly developed record,
not present here, we cannot second-guess counsel's trial strategy by declaring that his failure to
object in any of these circumstances was not sound. See Strickland, 466 U.S. at 689. On the record
before us, we cannot conclude that counsel's failure to object fell below an objective standard of
reasonableness--the first requirement under Strickland. See id. at 693-94. Because appellant's
claim of ineffective assistance of counsel fails the first prong of Strickland, we need not reach the
second prong. See id. at 697. We overrule appellant's third, fourth, and fifth issues.

 In his sixth and seventh issues, appellant contends that the prosecutor engaged in
misconduct, first by raising the issue of whether appellant should have been around guns, which he
asserts informed a former probation officer on the jury about appellant's criminal record, and second
by asking the military to investigate possible perjury by a member of the Air Force who testified at
trial. The prosecutor requested the investigation because the witness's telephone interview a few
months before trial differed from his interview with the police shortly after the incident. Appellant
argues that this alleged prosecutorial misconduct deprived him of (i) due process of law under
section 1 of the Fourteenth Amendment of the United States Constitution and (ii) a trial conducted
according to due course of law under article I, section 19 of the Texas Constitution. To preserve
error for appellate review, the complaining party must make a timely, specific objection and obtain
an adverse ruling on the objection. See Tex. R. App. P. 33.1(a); Broxton v. State, 909 S.W.2d 912,
918 (Tex. Crim. App. 1995). To preserve error about lack of due process or due course of law, an
appellant must lodge a proper and timely objection at trial on these grounds. See Briggs v. State, 789
S.W.2d 918, 924 (Tex. Crim. App. 1990); Phelps v. State, 999 S.W.2d 512, 518 (Tex.
App.--Eastland 1999, pet. ref'd) (citing Holland v. State, 802 S.W.2d 696, 699-700 (Tex. Crim.
App. 1991)). Although appellant filed a motion for new trial asserting prosecutorial misconduct,
appellant did not raise either constitutional issue in the motion or at trial and therefore failed to
preserve these arguments for appellate review. Tex. R. App. P. 33.1(a). We overrule appellant's
sixth and seventh issues.

 In his eighth issue, appellant urges that the court reporter's failure to record sixteen
bench conferences--one during pre-trial proceedings, five during voir dire, and ten during the
trial--violated the Texas Rules of Appellate Procedure and caused harm in depriving him of a
complete record for the purposes of appeal. See Tex. R. App. P. 13.1(a). Rule 13.1(a) requires a
court reporter to "attend court sessions and make a full record of the proceedings unless excused by
agreement of the parties." Id. The record does not reflect an agreement of the parties to excuse the
court reporter from any of the proceedings. In this case, however, we need not decide whether such
failure violates rule 13.1(a) or even whether appellant preserved error on this point. See Johnson v.
State, No. 03-01-00460-CR, slip op. at 4, 2002 Tex. App. LEXIS 2726, at *4-6 (Tex. App.--Austin
Apr. 18, 2002, no pet. h.). In Johnson, we held that the failure to record bench conferences is a
procedural defect that must be disregarded unless it affected appellant's substantial rights. Id. at *5. 
The error affects appellant's substantial rights if it had a "substantial and injurious effect or influence
in determining the jury's verdict." King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)
(citing Kotteakos v. United States, 328 U.S. 750, 776 (1946)). Appellant does not give any specific
reasons why the failure to record the bench conferences was harmful, contending that "any harm is
beyond quantification" because he cannot determine the contents of the missing recordings. Because
the record does not reveal that the court reporter's failure to record sixteen bench conferences
affected appellant's substantial rights, we overrule appellant's eighth issue.


CONCLUSION 

 Having overruled appellant's issues, we affirm the judgment of conviction.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: April 25, 2002

Do Not Publish