**Affirmed and Opinion Filed January 25, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00210-CR

**EMMANUEL MARTINEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-24906-V**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Garcia
Opinion by Justice Partida-Kipness

Appellant Emmanuel Martinez appeals his conviction for capital murder. In two issues, Martinez asserts: (1) the trial court committed reversible error by failing to transcribe all bench conferences as Martinez requested, and (2) the trial court violated Martinez's due process rights by conducting an ex parte hearing on use immunity for an accomplice witness. We affirm.

## BACKGROUND

The capital murder in this case occurred on May 22, 2019, at the Corner Food Mart in Garland, Texas. Shortly before 11:30 p.m., two masked men dressed in dark

clothes entered the store brandishing handguns. One of the men, later identified as Martinez, jumped over the counter, pointed his gun at store employee Cain Roldan, and demanded he open the cash register. Roldan complied. The other gunman, later identified as Luis Espinoza, then went around the counter and ordered Roldan to get on the floor. Roldan again complied. Roldan then heard the gunmen open the door to an adjacent office where employee Heng Lam was working. One of the gunmen then shot Lam eight times. The gunmen stole almost ten thousand dollars in cash and fled the scene. Roldan found Lam on the office floor and immediately called 911. Police and paramedics arrived shortly thereafter. Lam died from the gunshot wounds he sustained.

Evidence near the crime scene eventually led police to Jairo Medina Miranda, an associate of Martinez and Espinoza. A search of the garbage outside Miranda's house revealed more evidence, including purple latex gloves resembling those worn by one of the gunmen during the robbery. Police later arrested Miranda, who voluntarily spoke with police detectives. He told the detectives that on the night of the offense, Martinez and Espinoza came to his house and told him they were going to rob a store. Miranda later testified he gave Espinoza a handgun. Miranda said Martinez and Espinoza left his house and returned a couple of hours later, dumping clothes, a gun, and other items in his mother's truck. Miranda later disposed of these items in the trash.

Martinez and Espinoza were each arrested shortly thereafter. Detectives found additional evidence linking Martinez and Espinoza to the robbery and murder. Martinez's DNA was found on purple latex gloves removed from Miranda's trash can. Martinez's girlfriend viewed the surveillance video of the crime and identified Martinez as the suspect in purple gloves on the top of the counter and Espinoza as the suspect who shot Lam. Text messages from Martinez's phone corroborated Miranda's testimony and implicated Martinez in the crime.

Irving police were concurrently investigating an aggravated robbery of an Irving residence. Irving detectives identified Juan Montenegro as the driver of a truck involved in that robbery. Montenegro identified Martinez as an accomplice to that crime. The Irving and Garland police departments shared information from their respective investigations. They learned that shell casings recovered from both crime scenes had been fired from the same gun—the gun owned by Miranda and loaned to Espinoza the night of the Garland robbery and murder.

Martinez was charged with capital murder in connection with the robbery at the Garland Food Mart. *See* TEX. PENAL CODE § 19.03(a)(2). The case proceeded to trial. After jury selection, a hearing took place on the State's motion to grant use immunity to Miranda. The State, Miranda, and Miranda's counsel were present for the hearing; Martinez and his counsel were not. The court granted the State's motion. At trial, the State's case-in-chief included significant physical and documentary evidence. The case also included witness testimony from Roldan, police

investigators, Miranda, and others. Martinez testified in his defense and denied involvement in the Garland robbery and murder. The jury found Martinez guilty of capital murder as charged in the indictment. The trial court sentenced Martinez to life imprisonment without parole. *See* TEX. PENAL CODE § 12.31. Martinez now appeals, complaining of the trial court's failure to transcribe all bench conferences and holding a use immunity hearing for witness Miranda in Martinez's absence.

## STANDARDS OF REVIEW

We review the complaint of a trial court's failure to transcribe bench conferences for harmless error. The failure of a court reporter to record a bench conference is neither a structural error depriving a defendant of basic protections, nor is it constitutional error. *Garza v. State*, 212 S.W.3d 503, 506 (Tex. App.—Austin 2006, no pet.). It is a "procedural defect or irregularity that must be disregarded unless a substantial right was affected." *Johnson v. State*, 82 S.W.3d 471, 473 (Tex. App.—Austin 2002, no pet.); *see also* TEX. R. APP. P. 44.2(b) (non-constitutional errors not affecting substantial rights must be disregarded).

We review a defendant's complaint regarding his absence from an immunity hearing under the "reasonably substantial relationship" test. Where the presence of the defendant does not bear "a reasonably substantial relationship to the opportunity to defend," no harm is shown by his absence. *Goff v. State*, 931 S.W.2d 537, 549 (Tex. Crim. App. 1996).

## ANALYSIS

Martinez raises two issues on appeal: (1) the court reporter failed to transcribe trial bench conferences, resulting in harmful error, and (2) the trial court violated Martinez's due process rights by holding an ex parte hearing in which it granted the State's motion for use immunity for witness Miranda. We address each issue in turn.

## I.      Transcription of Bench Conferences

In his first issue, Martinez complains of error by the court reporter in failing to transcribe seven bench conferences during trial. Martinez contends this failure created an absence of data that precludes him—and the Court—from conducting a meaningful harmless error analysis.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context. TEX. R. APP. P. 33.1(a)(1). And, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).

Rule 13.1(a) of the Texas Rules of Appellate Procedure requires the official court reporter to attend court sessions and make a full record of the proceedings unless excused by agreement of the parties. TEX. R. APP. P. 13.1(a). However, section 52.046 of the Government Code provides that "on request," the court reporter must record all proceedings. TEX. GOV'T CODE § 52.046. When confronted with the

apparent conflict between Rule 13.1(a) and section 52.046 of the Government Code, the rule must yield. *Kellison v. State*, No. 05-06-01117-CR, 2008 WL 44424, at *7 (Tex. App.—Dallas Jan. 3, 2008, no pet.) (not designated for publication) (quoting *Langford v. State*, 129 S.W.3d 138, 139 (Tex. App.—Dallas 2003, no pet.)). Thus, an appellant wanting a recording of proceedings is required to make a request pursuant to section 52.046, notwithstanding the provisions of Rule 13.1(a). In addition to this request, an objection is required to preserve a complaint respecting the court reporter's failure to record proceedings. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).

Here, Martinez filed an "Omnibus Pretrial Motion" requesting "a complete record be made of the trial, including voir dire, all testimony, bench conferences, and argument of counsel." In his opening brief, Martinez claimed the trial court granted his request to have bench conferences recorded. However, the record does not reflect any ruling on Martinez's omnibus motion or his specific request to record bench conferences. In his reply brief, Martinez candidly acknowledges the trial court did not sign the pretrial motion. In the absence of either a ruling on Martinez's motion or an objection to the trial court's refusal to rule, Martinez has not preserved anything for review. TEX. R. APP. 33.1(a)(2). And, even if the trial court had granted his request, the record does not reflect Martinez made any objections to the court reporter's failure to record the bench conferences. Martinez does not allege he made such objections at trial. Therefore, he has failed to preserve his complaint for review.

*Valle*, 109 S.W.3d at 509; *Roberson v. State*, No. 05-13-01416-CR, 2015 WL 2195097, at *5 (Tex. App.—Dallas May 8, 2015, no pet.) (mem. op., not designated for publication) (record did not show appellant objected to the court reporter's failure to record bench conferences, thus appellant waived any claimed error). We overrule issue one.

## II.  Ex Parte Immunity Hearing

In issue two, Martinez contends the trial court erred by holding a use immunity hearing for witness Miranda outside the presence of Martinez and his counsel. Martinez contends this error violated his due process rights under the U.S. Constitution's Fourteenth Amendment and article 1, section 10 of the Texas Constitution. Martinez further argues the hearing violated Article 28.01 of the Texas Code of Criminal Procedure.

Several constitutional provisions protect a defendant's right to be present at different stages of prosecution. *King v. State*, 666 S.W.3d 581, 585 (Tex. Crim. App. 2023). The Sixth Amendment's right of confrontation requires any defendant threatened with the loss of liberty to be physically present at all phases of the criminal proceedings against him. *Roberson v. State*, No. 05-22-00190-CR, 2023 WL 8108659, at *4 (Tex. App.—Dallas Nov. 22, 2023, no. pet.) (mem. op., not designated for publication). The Texas Constitution provides the defendant with a similar right to be present in the courtroom during his trial. *Id.* (citing TEX. CONST. art. I, § 10). The Fourteenth Amendment Due Process Clause is implicated when

"the defendant is not actually confronting witnesses or evidence." *King*, 666 S.W.3d at 585. The due process right to presence is not absolute; rather, the "presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Id.* (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 107-08, 54 S.Ct. 330, 78 L.Ed. 674 (1934)). There is no due process violation when the defendant's presence does not bear a reasonably substantial relationship to his or her defense. *Id.*

In addition to constitutional protections, the Texas Code of Criminal Procedure requires that a defendant be present during "any pre-trial proceeding." TEX. CODE CRIM. PROC. art. 28.01 § 1. And, under Article 33.03 the defendant must be personally present at the trial until the jury has been selected. TEX. CODE CRIM. PROC. art. 33.03. A violation of Article 28.01 or 33.03 is a non-constitutional error subject to review under Texas Rule of Appellate Procedure 44.2(b). *King*, 666 S.W.3d at 585; *Tracy v. State*, 14 S.W.3d 820, 827 (Tex. App.—Dallas 2000, pet. ref'd). Non-constitutional error must be disregarded unless it affects the defendant's substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error (1) had a "substantial and injurious" effect or influence in determining the jury's verdict or (2) leaves one in grave doubt whether it had such an effect. *Tracy*, 14 S.W.3d at 827. "A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect."

*King*, 666 S.W.3d at 585 (quoting *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

Martinez complains he and his counsel were absent from the hearing on the State's motion to grant use immunity to witness Miranda. Miranda provided key trial testimony regarding the planning of the robbery and admitted he provided a firearm and other materials for the crime. Miranda also testified the robbery suspects told him the robbery "went bad," and Miranda admitted he disposed some of the evidence the suspects left at his residence after the robbery. The immunity hearing occurred after jury selection but before the jury was sworn in. Thus, there is some question whether the hearing constitutes a "pre-trial proceeding" under Article 28.01 or a trial proceeding under Article 33.03. However, we need not decide the issue because our determination is the same under either provision.

A grant of use immunity does not require court approval. *State v. Hatter*, 665 S.W.3d 584, 590 (Tex. Crim. App. 2023). Further, a defendant does not have a constitutional or statutory right to be present at a hearing on a motion to grant immunity to an accomplice. *Goff*, 931 S.W.2d at 548. In *Goff*, the trial court heard and granted the State's motion for transactional and use immunity to an accomplice witness (Ford) without notice to, or the presence of, defendant Goff or his counsel. *Id.* at 549. Goff complained this violated his constitutional rights to confrontation and his rights under Article 33.03. *Id.* Goff urged that had he been notified, he would have presented evidence opposing the grant of immunity. *Id.* Despite Ford's

importance to the State's case against Goff, the court disagreed Goff had the right to be present at the immunity hearing:

> We have no doubt that appellant would have discouraged the grant of immunity to Ford in this case, as would any defendant in appellant's situation. Ford, as the accomplice and only witness to the actual crime, provided the most incriminating evidence against appellant. However, we are unable to agree that the immunity hearing between Ford and the State was a hearing in appellant's case. Further, the immunity agreement was between Ford and the State and did not involve appellant's rights. Therefore, we conclude the immunity hearing was not "a proceeding against him" in which he had a right to be present.

*Id.*

The same is true here. The State's motion concerned a grant of use immunity; court approval was not required. *Hatter*, 665 S.W.3d at 590. Accordingly, Martinez had no right to be present. And even though the State did request the trial court's approval, the proceeding regarding Miranda's immunity was not a hearing in Martinez's case. *Goff*, 931 S.W.2d at 549. The immunity agreement was between the State and Miranda and did not involve Martinez's rights. *Id.* The record from the hearing reflects there was no evidence or testimony presented against Martinez. Miranda's counsel simply advised the court he had explained the immunity agreement to Miranda, who consented to it. Miranda and the State then asked the court to grant the immunity agreement, which the court did. The immunity hearing was not "a proceeding against Martinez" in which he had a right to be present. *Goff*, 931 S.W.2d at 549.

Martinez asserts if he and counsel had been present at the immunity hearing, he could have argued the State did not produce the evidence necessary for the grant of immunity and then, presumably, Miranda would have refused to testify. However, Martinez does not state what evidence the State was required to produce in support of its motion for use immunity, particularly when the court's approval was not required in the first place. Further, Martinez could not preclude Miranda from testifying at trial. *Goff*, 931 S.W.2d at 549 n.10 (citing predecessor to TEX. R. EVID. 501). There was no due process violation because Martinez's presence at the immunity hearing did not bear a reasonably substantial relationship to his defense. When there is no due process violation, no harm analysis need be conducted. *King*, 666 S.W.3d at 585.

The *Goff* court also noted Article 28.01 was likely inapplicable because the immunity hearing was not within the list of pre-trial hearings provided in the statute. *Goff*, 931 S.W.2d at 549 n.9. Nonetheless, even assuming Martinez had a right to be present under Article 28.01 or 33.03 of the Code of Criminal Procedure, he has failed to show harm. Martinez had the right and the opportunity to confront Miranda at trial regarding the immunity agreement. During opening statements and Miranda's testimony, Martinez's counsel referenced the immunity agreement and went to great lengths to attack Miranda's credibility and suggest Miranda was one of the gunmen at the store, or at a minimum, a co-conspirator. The jury was able to judge Miranda's demeanor, his motives for testifying, and his overall credibility. And, the State

–11–

produced significant evidence in support of Martinez's conviction, the sufficiency of which Martinez does not attack. Accordingly, Martinez has failed to demonstrate harm. *Goff*, 931 S.W.2d at 549. Martinez has not shown his absence from the immunity hearing affected his substantial rights. TEX. R. APP. 44.2(b). We overrule issue two.

## CONCLUSION

Martinez did not preserve for review his complaint the court reporter failed to transcribe bench conferences. Further, Martinez had no constitutional or statutory right to be present at the use immunity hearing. And, even if Martinez's presence at that hearing were required, he failed to demonstrate harm. Accordingly, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220210F.U05

–12–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

EMMANUEL MARTINEZ,
Appellant

No. 05-22-00210-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-24906-V.
Opinion delivered by Justice Partida-
Kipness. Justices Reichek and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 25th day of January, 2024.