Tereka Reon BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–06–00153–CR.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 9, 2007.

Decided March 9, 2007.

James L. Clark, Naples, for appellant.

Charles C. Bailey, Titus/Camp County Dist. Atty., Mount Pleasant, for state.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice MOSELEY.

A jury convicted Tereka Reon Brown of murder, but was thereafter unable to unanimously agree on punishment; the trial court declared a mistrial as to punishment only. A second jury was empaneled for a new trial on punishment only. At some point in that jury's deliberation, it sent a note to the trial court requesting certain evidence and asking, further, if they were supposed to have been sworn in as jurors to "uphold the law." The court admitted to having forgotten to swear in the jurors; the court then called the jurors back into the courtroom and caused the oath to be administered; the court then allowed both the State and Brown to tender (as if by reference or by stipulation, but not plainly stated either way) the evidence which had been previously proffered.

Brown's only issue on appeal is that the trial court abused its discretion in having administered the oath to the jury after presentation of all evidence and argument, and after deliberation had begun. Finding no reversible error, we affirm.

When the court read the jury's note and announced to counsel his intention to swear in the jury at that time, defense counsel objected on the ground that the jury "heard the evidence while they were unsworn." The objection was overruled. The court called the jurors back to the courtroom and swore them in. Both the State and defense then reoffered, each by single-sentence submissions, all admitted evidence previously tendered, which the court received. The court also instructed the then properly-sworn jury to consider the law as presented in the charge which had been given previously and the statements of counsel in their closing arguments. The jury again retired and reached a verdict, assessing punishment at ninety-nine years' confinement and a $10,000.00 fine. Brown's motion for new trial based her point on the failure of the court to properly administer the oath before submission of the evidence; she maintained that this failure to administer the oath to the jury pursuant to Article 35.22 of the Texas Code of Criminal Procedure denied Brown's right to trial by jury under the United States and Texas Constitutions.

This motion for new trial was overruled by operation of law.

■ Article 35.22 of the Texas Code of Criminal Procedure dictates that:

When the jury has been selected, the following oath shall be administered them by the court or under its direction: "You and each of you do solemnly swear that in the case of the State of Texas against the defendant, you will a true verdict render according to the law and the evidence, so help you God."

TEX.CODE CRIM. PROC. ANN. art. 35.22 (Vernon 2006). There is little doubt that a complete failure to administer the jury oath renders the jury's verdict a nullity and is reversible error. *See White v. State,* 629 S.W.2d 701, 704 (Tex.Crim.App. 1981); *Howard v. State,* 80 Tex.Crim. 588, 192 S.W. 770 (1917). The reasoning in this is that "6 or 12 men sitting in judgment, unsworn, do not constitute a jury." *Crisp v. State,* 87 Tex.Crim. 137, 139, 220 S.W. 1104, 1104 (1920). Nonetheless, the untimely swearing of the jury does not render the verdict void and is not reversible error. *See White,* 629 S.W.2d at 704 (jury sworn during testimony of first witness); *Woodkins v. State,* 542 S.W.2d 855, 860–61 (Tex.Crim.App.1976) (jury sworn after third State's witness had testified); *accord Patterson v. State,* 416 S.W.2d 816, 820–21 (Tex.Crim.App.1967) (no abuse of discretion to allow reopening of case to present testimony once again of a witness originally testifying before jury was sworn).

■ Unlike the small number of Texas cases that have addressed this issue, the facts presented here involve neither a totally unsworn jury (such as the situation addressed in *Howard* ) nor an untimely sworn jury which had been administered its oath before it commenced deliberation (as with the *White* case). This jury had begun its deliberation before having been sworn in as jurors. Brown urges that this situation is analogous to the *Howard*-type situation of a complete failure to administer the oath. Texas has not addressed the validity of the actions of a jury which is administered its oath after it has already begun its deliberations.[1]

We note that in Brown's trial, the situation presented is more akin to the situation of an untimely-sworn jury case than to those cases in which juries remained totally unsworn; once the jury was sworn, the evidence was reintroduced and readmitted and the jury was, in essence, re-charged. Before it begins its deliberation, a jury's role is relatively passive; it is supposed to sit, watch, and listen; it is during deliberation that it becomes the active figure in the trial process. The Brown jury demonstrated that it understood its role by sending out the note and requesting evidence

---

1. We note that, in other jurisdictions that have addressed this presentation of the problem, the courts have usually found no reversible error. For example, both Arizona and Oregon have found no reversible error when the jury was not sworn until after deliberation had begun. *See State v. Godfrey,* 136 Ariz. 471, 666 P.2d 1080, 1081–82 (1983) (recalling jurors to be sworn "within minutes" of starting deliberation not reversible error); *State v. Barone,* 329 Or. 210, 986 P.2d 5, 17 (1999) (finding no different analysis needed for untimeliness of oath administration before or after deliberation had begun). Mississippi, on the other hand, both affirms and reverses convictions by juries not sworn until deliberation, depending on whether the offense charged is a capital or noncapital felony or a misdemeanor. *Compare Miller v. State,* 122 Miss. 19, 84 So. 161 (Miss.1920) (reversible error to administer oath after deliberation had begun in capital case) *with Boroum v. State,* 105 Miss. 887, 63 So. 297 (1913) (not reversible error to administer oath during deliberation in misdemeanor case); *see also Stark v. State,* 133 Miss. 275, 97 So. 577 (1923) (discussing the potential conflicts in those decisions and ultimately affirming a noncapital felony conviction by an untimely sworn jury).

and also by simultaneously questioning the lack of the administration of an oath. The court promptly took steps to correct the oversight. As such, any potential harm was immediately cured as soon as the error was discovered and before the end of the jury's deliberative process; this is in contrast to cases in which the jury was never sworn and, therefore, any harm became incapable of being cured. It was error not to have sworn the jury at the proper stage of the trial but the error was rendered harmless by the actions of the court in causing the oath to be administered when it was; it seems most unlikely that any different result would have been forthcoming in the trial if the proper procedure had been followed. We accordingly find that the trial court did not abuse its discretion in swearing in the jury, readmitting all of the evidence it had already heard, and referring the jury to the previously-given charge after the jury had begun deliberation.

We affirm the judgment.