In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00247-CR


______________________________




KEVIN ONEAL SHEPPARD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 34,652-A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Kevin Oneal Sheppard has appealed from his adjudication of guilt, on his plea of "true" to
allegations contained in the application to adjudicate, for the offense of possession of a controlled
substance, penalty group one. See Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 2003). 
Sheppard was sentenced by the trial court to eighteen months' confinement in a state-jail facility.

 On appeal to this Court, Sheppard contends, in a single point of error, that the punishment
assessed is disproportionate to his crime. Sheppard's motion for new trial contains a contention that
the sentence was disproportionate to the offense. A motion for new trial is an appropriate way to
preserve this type of claim for review. See Williamson v. State, 175 S.W.3d 522, 523-24 (Tex.
App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex. App.--Texarkana 2005,
no pet.).

 Texas courts have traditionally held that, so long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State,
495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Sheppard's sentence falls within the applicable
range of 180 days to two years. See Tex. Penal Code Ann. § 12.35 (Vernon 2003).

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Harmelin v. Michigan, 501 U.S. 957 (1991) (Scalia, J., plurality op.); Solem v.
Helm, 463 U.S. 277, 290 (1983); Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.--Texarkana
1999, no pet.); Lackey v. State, 881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd); see
also Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as
involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has been reformulated as an
initial threshold comparison of the gravity of the offense with the severity of the sentence, and then,
only if that initial comparison created an inference that the sentence was grossly disproportionate to
the offense should there be a consideration of the other two Solem factors--(1) sentences for similar
crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. 
McGruder, 954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.--Texarkana 2006,
no pet.); Lackey, 881 S.W.2d at 420-21. 

 Assuming, without deciding, that Sheppard's sentence is grossly disproportionate to the crime
he committed, there is no evidence in the record from which we could compare his sentence to the
sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a
similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd);
Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). Without such
evidence, the record before us does not support Sheppard's claim of demonstrable error. Cf. Jackson,
989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar
offenses on criminals in Texas or other jurisdictions by which to make a comparison").

 There being no other issues before us, we affirm the trial court's judgment.



 Bailey Moseley

 Justice


Date Submitted: September 6, 2007

Date Decided: September 7, 2007


Do Not Publish



="false" Priority="29" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Quote"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-08-00195-CR

                                                ______________________________

 

 

                             WANDA HIGBEE SCHINDLEY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                                  On Appeal from the County Court

                                                           Franklin County, Texas

                                                            Trial
Court No. 11134

 

                                                                        
                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Wanda
Higbee Schindley appeals from her conviction for misdemeanor driving while
intoxicated.  On September 4, 2008,
Schindley was convicted, and the jury assessed punishment at 120 days
confinement probated for two years and a $1,000.00 fine.  This case has had a wandering path through
the legal system after Schindleys retained appellate attorney failed to seek
preparation of a record to pursue her initial appeal, followed by a dismissal
by this Court and its ultimate remand back to this Court by the Texas Court of
Criminal Appeals, with directions to abate for a hearing on (among other
things) her indigency.  The trial court
held a hearing and found Schindley not indigent.  She appealed to this Court, and after
briefing, on September 29, 2009, we reversed the trial court and directed that
she be appointed counsel and provided a free copy of the reporters
record.  After multiple extensions and an
order to the court reporter from this Court, a free record was provided, and
now, finally, over a year and a half after the trial, her appeal is ripe for
review.  

            Counsel
has filed a brief in which he contends in a single point of error that the
trial court committed reversible error by failing to administer the proper jury
oath required by Article 35.22 of the Texas Code of Criminal Procedure after
the panel was selected.  Tex. Code Crim. Proc. Ann. art. 35.22
(Vernon 2006).  Counsel points out that
there is authority holding that the complete failure to administer a jury oath
renders the verdict a nullityand that it is reversible error that may be
raised for the first time on appeal.  See White v. State, 629 S.W.2d 701, 704
(Tex. Crim. App. 1981) (citing Howard v.
State, 80 Tex. Cr. 588, 192 S.W. 770 (1917)); Brown v. State, 220 S.W.3d 552, 554 (Tex. App.Texarkana 2007, no
pet.).

            The
reporters record as originally presented did not contain any indication that
the jurors had been sworn.  After the
brief was filed, the State contacted the court reporter, who acknowledged that
she had accidentally omitted part of the proceedings.  She then prepared a supplemental record which
contains the discourse in which the empaneled jurors were sworn in by the court
prior to the commencement of trial.  No
error has been shown.

            We
affirm the judgment.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          June
9, 2010

Date Decided:             June
10, 2010

 

Do Not Publish