

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00195-CR

_____

WANDA HIGBEE SCHINDLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court
Franklin County, Texas
Trial Court No. 11134

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Wanda Higbee Schindley appeals from her conviction for misdemeanor driving while intoxicated. On September 4, 2008, Schindley was convicted, and the jury assessed punishment at 120 days' confinement probated for two years and a $1,000.00 fine. This case has had a wandering path through the legal system after Schindley's retained appellate attorney failed to seek preparation of a record to pursue her initial appeal, followed by a dismissal by this Court and its ultimate remand back to this Court by the Texas Court of Criminal Appeals, with directions to abate for a hearing on (among other things) her indigency. The trial court held a hearing and found Schindley not indigent. She appealed to this Court, and after briefing, on September 29, 2009, we reversed the trial court and directed that she be appointed counsel and provided a free copy of the reporter's record. After multiple extensions and an order to the court reporter from this Court, a free record was provided, and now, finally, over a year and a half after the trial, her appeal is ripe for review.

Counsel has filed a brief in which he contends in a single point of error that the trial court committed reversible error by failing to administer the proper jury oath required by Article 35.22 of the Texas Code of Criminal Procedure after the panel was selected. TEX. CODE CRIM. PROC. ANN. art. 35.22 (Vernon 2006). Counsel points out that there is authority holding that the complete failure to administer a jury oath renders the verdict a nullity—and that it is reversible error that may be raised for the first time on appeal. *See White v. State*, 629 S.W.2d 701, 704

2

(Tex. Crim. App. 1981) (citing *Howard v. State*, 80 Tex. Cr. 588, 192 S.W. 770 (1917)); *Brown v. State*, 220 S.W.3d 552, 554 (Tex. App.—Texarkana 2007, no pet.).

The reporter's record as originally presented did not contain any indication that the jurors had been sworn. After the brief was filed, the State contacted the court reporter, who acknowledged that she had accidentally omitted part of the proceedings. She then prepared a supplemental record which contains the discourse in which the empaneled jurors were sworn in by the court prior to the commencement of trial. No error has been shown.

We affirm the judgment.


Jack Carter
Justice


Date Submitted:     June 9, 2010
Date Decided:       June 10, 2010

Do Not Publish