In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-08-00195-CR

                                                ______________________________

 

 

                             WANDA HIGBEE SCHINDLEY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                                  On Appeal from the County Court

                                                           Franklin County, Texas

                                                            Trial
Court No. 11134

 

                                                                        
                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








                                                                   O P I N I O N

 

            Wanda
Higbee Schindley appeals from her conviction for misdemeanor driving while
intoxicated.  On September 4, 2008,
Schindley was convicted, and the jury assessed punishment at 120 days’
confinement probated for two years and a $1,000.00 fine.  This case has had a wandering path through
the legal system after Schindley’s retained appellate attorney failed to seek
preparation of a record to pursue her initial appeal, followed by a dismissal
by this Court and its ultimate remand back to this Court by the Texas Court of
Criminal Appeals, with directions to abate for a hearing on (among other
things) her indigency.  The trial court
held a hearing and found Schindley not indigent.  She appealed to this Court, and after
briefing, on September 29, 2009, we reversed the trial court and directed that
she be appointed counsel and provided a free copy of the reporter’s record.  After multiple extensions and an order to the
court reporter from this Court, a free record was provided, and now, finally,
over a year and a half after the trial, her appeal is ripe for review.  

            Counsel
has filed a brief in which he contends in a single point of error that the
trial court committed reversible error by failing to administer the proper jury
oath required by Article 35.22 of the Texas Code of Criminal Procedure after
the panel was selected.  Tex. Code Crim. Proc. Ann. art. 35.22
(Vernon 2006).  Counsel points out that
there is authority holding that the complete failure to administer a jury oath
renders the verdict a nullity—and that it is reversible error that may be
raised for the first time on appeal.  See White v. State, 629 S.W.2d 701, 704
(Tex. Crim. App. 1981) (citing Howard v.
State, 80 Tex. Cr. 588, 192 S.W. 770 (1917)); Brown v. State, 220 S.W.3d 552, 554 (Tex. App.—Texarkana 2007, no
pet.).

            The
reporter’s record as originally presented did not contain any indication that
the jurors had been sworn.  After the
brief was filed, the State contacted the court reporter, who acknowledged that
she had accidentally omitted part of the proceedings.  She then prepared a supplemental record which
contains the discourse in which the empaneled jurors were sworn in by the court
prior to the commencement of trial.  No
error has been shown.

            We
affirm the judgment.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          June
9, 2010

Date Decided:             June
10, 2010

 

Publish

 

 

OPINION
ON MOTION FOR REHEARING

 

            This
Court has now been presented with two documents styled as a “Motion for
Rehearing,” one from counsel, and the other prepared pro se by the appellant,
Wanda Higbee Schindley.  We first note
that the document filed by Schindley is not, despite its title, a motion for
rehearing.  A motion for rehearing is, by
definition, a request for this Court to reconsider its opinion.  This motion does not attack the opinion of
this Court in any respect—save only seeking a different conclusion.  Examining it for its content as we are
required to do, it is apparent that this document is an attempt to file a pro se
brief raising six new points of error.[1]

            There
is no right to represent oneself in part, while also being represented by
counsel; there is no general right to hybrid representation in Texas.  Robinson v. State, 240 S.W.3d 919, 922
(Tex. Crim. App. 2007); Turner v. State, 805 S.W.2d 423, 425 n.1 (Tex. Crim. App. 1991); Williams v.
State, 946 S.W.2d
886, 892 (Tex. App.—Waco 1997, no pet.). 
Appellants are not allowed to have hybrid representation on appeal.  Ex parte Taylor, 36 S.W.3d 883, 887 (Tex.
Crim. App. 2001).  Thus, Schindley has no
right to file documents with this Court while represented by counsel.  This Court may and should disregard pro se
motions presented by a defendant represented by counsel.  Robinson, 240 S.W.3d at 922. 


            Even
if we had been timely requested to allow hybrid representation, and had chosen
to permit Schindley to file her own brief, the time for appellant to file a
brief in this case ended three months past. 
The record was filed on January 12, 2010, and appellant’s brief was
filed March 17, 2010.  The State’s
reply brief was filed May 19, 2010, and the case was submitted to the Court
pursuant to Tex. R. App. P. 39.8
on June 9, 2010.  Our opinion issued June
10, 2010.  

            One
of Schindley’s major complaints is that her appointed attorney did not use the
points and arguments that she provided for him.  Because this seems to be a recurrent theme
both in this case and other appeals recently presented to this Court, we will
address it.  We have received briefs in
other cases recently in which the attorney felt that it was necessary to
address points of error suggested by his or her client.  Counsel may choose to do this, but is not
required to do so.  We direct the
attention of Schindley and the bar to the Rules of Professional Conduct, which
set out and explain the obvious––that the function of an attorney to the legal
system is to act as the expert advocate representing his or her client.  Tex.
Disciplinary R. Prof’l Conduct preamble § 2, reprinted in Tex. Gov’t Code
Ann. tit. 2, subtit. G app. A (Vernon 2005).  An attorney is to abide by a client’s
decisions in a criminal case, after consultation, about the plea to be entered,
whether to waive jury trial, and whether the client will testify.  In all other respects, it is the duty of
counsel to analyze the case and to determine and present what (if any)
nonfrivolous issues may exist on appeal. 
Tex. Disciplinary R. Prof’l
Conduct 1.02, reprinted in Tex. Gov’t Code Ann. tit. 2, subtit. G
app. A (Vernon 2005).  

            Further,
if counsel presents issues to this Court, even noted as being requested by the
defendant, that are frivolous, counsel is breaching his or her duty to this
Court.  Standards
for Appellate Conduct, Texas Rules of Court (State) 425–27 (West 2010).[2]  

            On
rehearing, counsel states that on June 3, 2010 (after all briefing was
complete, and less than a week before submission), he contacted the court
reporter and requested supplementation of the record to include “the voir dire
of the jury panel, and any hearing on Defendant’s Motion to Suppress.”  The court reporter responded by stating that “[a]fter
a diligent search of my records, I did not report a hearing on Defendant’s Motion
to Suppress on the referenced Cause . . . .”  We have reviewed the record again and find
nothing in this record to indicate that any such hearing was ever conducted in
this case.  

            We
have also contacted the court reporter, who explained that she did not have a
record to transcribe of the voir dire, stating, 

I do not have a complete voir dire.  I tried, could not hear.  I could not report what I could not
hear.  Ms. Schindley insisted on
performing her voir dire herself.  She
was asked to speak up several times, but to no avail.  

 

No transcription of the voir dire
is available, and none will be.  

            This
Court has already addressed situations where court reporters have failed to
record proceedings.  This Court, the
Eastland and the Corpus Christi Courts of Appeals have held the court reporter
has a duty to record all proceedings unless a party expressly waives his or her
right to have a court reporter record the proceedings.  Rittenhouse
v. Sabine Valley Ctr. Found., Inc., 161 S.W.3d 157, 161 (Tex.
App.—Texarkana 2005, no pet.); Smith v.
State, 114 S.W.3d 66, 70 (Tex. App.—Eastland 2003, pet. ref’d); Tanguma v. State, 47 S.W.3d 663, 670
(Tex. App.—Corpus Christi 2001, pet. ref’d), overruled in part by Valle v.
State, 109 S.W.3d 500, 508–09 (Tex. Crim. App. 2003) (objection still
required to preserve error for appellate review).[3]  The failure of the court reporter to transcribe
the proceedings constitutes error in violation of Rule 13.1(a) of the
Texas Rules of Appellate Procedure, but the Texas Court of Criminal Appeals has
determined that unless such error is properly preserved, the appellate court
may not review it.[4]
 Valle,
109 S.W.3d at 508–09.  

            Rule
33.1 provides:  “(a) In General.  As a prerequisite to presenting a complaint
for appellate review, the record must show that:  (1) the complaint was made to the trial court
by a timely request, objection, or motion . . . .”  Tex.
R. App. P. 33.1(a).  The record
contains no indication that any objection was made to the failure of the court
reporter to record the proceedings. 
Since such error may not be considered on appeal in this case, Schindley’s
argument about the absence of a transcription of the voir dire examination
provides no basis upon which to grant a rehearing. 

            We
overrule the motion for rehearing.

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date: 
August 11, 2010

 

Publish

 











[1]See Tex.
R. Civ. P. 71; State Bar of Tex.
v. Heard, 603 S.W.3d 829, 833 (Tex. 1980).





[2]An
attorney, whether appointed or retained, is under an ethical obligation to
refuse to pursue a frivolous appeal.  McCoy
v. Court of Appeals of Wisc., Dist. 1, 486 U.S. 429, 435 (1988).





[3]Brossette v. State, 99 S.W.3d 277, 284
(Tex. App.—Texarkana 2003, pet. dism’d, untimely filed). 

 





[4]In
so holding, we found ourselves in disagreement with courts of appeals which
have held that Rule 13.1(a) was in conflict with Tex. Gov’t Code Ann. § 52.046(a), and that the statute
controlled.  Nabelek
v. Dist. Attorney of Harris County, 290 S.W.3d 222, 231 (Tex. App.—Houston [14th
Dist.] 2005, no pet.); Polasek v. State,
16 S.W.3d 82, 88–89 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d); see Garza v. State, 212 S.W.3d 503, 505
(Tex. App.—Austin 2006, no pet.); Langford
v. State, 129 S.W.3d 138, 139 (Tex. App.—Dallas 2003, no pet.).