

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

———————————

No. 06-18-00082-CR

———————————

PAUL SALDINO BAILEY, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

———————————————————————————

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27379

———————————————————————————

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

A Lamar County jury convicted Paul Saldino Bailey, Jr., of aggravated assault with a deadly weapon. After Bailey pled true to the State's enhancement allegation, he was sentenced to fifteen years' imprisonment. On appeal, Bailey argues (1) that the verdict against him was rendered by an unsworn jury and (2) that the trial court erred in failing to allow him to call a defense witness whom he had improperly subpoenaed.

We conclude that the record demonstrates that the jury was properly impaneled and sworn. We further find that the trial court did not prevent Bailey from calling the improperly subpoenaed defense witness. Accordingly, we overrule both points of error and affirm the trial court's judgment.

## I.      The Record Demonstrates that the Jury Was Sworn

"There is little doubt that a complete failure to administer the jury oath renders the jury's verdict a nullity and is reversible error" which can be raised for the first time on appeal. *Brown v. State*, 220 S.W.3d 552, 554 (Tex. App.—Texarkana 2007, no pet.). In his first point of error, Bailey contends that the jury was not sworn in accordance with Article 35.22 of the Texas Code of Criminal Procedure, which provides:

> When the jury has been selected, the following oath shall be administered them by the court or under its direction: "You and each of you do solemnly swear that in the case of the State of Texas against the defendant, you will a true verdict render according to the law and the evidence, so help you God."

TEX. CODE CRIM. PROC. ANN. art. 35.22 (West 2006). Yet, the appellate record does not support Bailey's argument.

2

The trial court's judgment recites that the jury was impaneled and sworn. "[W]ritten recitals 'are binding in the absence of direct proof of their falsity.'" *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013) (quoting *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g)). Moreover, we presume that the jury was properly impaneled and sworn unless the matter was disputed in the trial court "or unless the record affirmatively shows the contrary." TEX. R. APP. P. 44.2(c). Because the appellant has the burden of overcoming recitals in the judgment, neither appellate argument nor a reporter's record that is silent on the issue of whether a jury was sworn will be sufficient to meet this burden. *Breazeale v. State*, 683 S.W.2d 446, 450–51 (Tex. Crim. App. 1984) (op. on reh'g); *see Osteen v. State*, 642 S.W.2d 169, 171 (Tex. Crim. App. 1982); *Faison v. State*, 59 S.W.3d 230, 237 (Tex. App.—Tyler 2001, pet. ref'd).

Here, Bailey admits that the matter was not disputed in the trial court, and our review of the record failed to uncover affirmative proof that the jury was unsworn. Rather, the reporter's record shows that the trial court informed jurors that, "[b]ecause of the oath . . . taken in [their] selection for the jury," they had "become officials of [the] Court and active participants in our justice system." The trial court's comment indicates that the oath was administered. Additionally, although the original reporter's record failed to state expressly that the required oath was administered to the jury, a supplemental reporter's record reflects that the jury was "sworn in."

Because the appellate record demonstrates that the jury was sworn, we overrule Bailey's first point of error.

**II.     The Trial Court Did Not Prevent Bailey from Calling a Defense Witness**

In his last point of error, Bailey argues that the trial court erred in not allowing him to call Marcy Langston, a witness who had been improperly subpoenaed. Yet, the record shows that Bailey did not call Langston to testify and, instead, agreed that she should be allowed to leave the courtroom. Accordingly, we overrule Bailey's last point of error as meritless.

At trial, the State moved to quash a subpoena issued by Bailey to Langston. Bailey admitted that the subpoena was flawed, but asked the trial court to allow him to call her as a witness since she was physically present in the courtroom. After hearing argument, the trial court denied the State's motion to quash the subpoena, thereby providing Bailey with a favorable ruling. The trial court also stated that it did not "want to deprive anyone of the right to present their case," but explained that Langston could not be compelled to testify against her will since the subpoena was not enforceable. In other words, the trial court found that Bailey could call Langston to testify as a witness if Langston was a willing participant.

Bailey affirmed that he did not expect the trial court "to order anybody to testify" and agreed that it lacked the authority to do so.[1] Thus, Bailey asked for the following: "I would request of the Court that they bring the witness in, Mrs. Marcy Langston and admonish her that she is not under subpoena [and] if she wishes of her own volition to leave she may." The trial court complied with Bailey's request. After Langston informed the trial court that she did not wish to testify, the

---

[1]Bailey also argues that the trial court had inherent authority to compel Langston's testimony. That said, the State argues that Bailey failed to preserve this issue on appeal because it was not raised in front of the trial court. We agree. Our review of the record shows that Bailey did not ask the trial court to exercise inherent authority to compel Langston's testimony. "[A] point of error on appeal must comport with the objection made at trial." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *see* TEX. R. APP. P. 33.1.

trial court informed her that she was "free to leave or stay."[2]  After this discussion, Langston was not called to testify.

Because Bailey did not call Langston to testify, the trial court did not disallow her testimony.  Moreover, although he now complains that the trial court erred in allowing Langston to leave, Bailey himself requested the trial court to instruct her that she was free to leave.  Thus, error, if any, was invited by Bailey, and he cannot complain about it on appeal.  *See Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) ("[T]he law of invited error estops a party from making an appellate error of an action it induced.").  This is because "a party cannot take advantage of an error that it invited or caused, even if such error is fundamental."  *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011).

We overrule Bailey's last point of error.

## III.    Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Justice

Date Submitted:        February 4, 2019
Date Decided:          February 21, 2019

Do Not Publish

---

[2]Langston also informed the trial court that she would "not testify on [Bailey's] behalf at all, period" and that she "would not help him in any way, shape or form."

5