James Edward LANGFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–02–00864–CR.

Court of Appeals of Texas,
Dallas.

June 6, 2003.

Catherine Shelton, Dallas, April E. Smith, Mesquite, for appellant.

William T. (Bill) Hill, Jr., Grace E. Shin, Asst. Dist. Atty., Dallas, for state.

Before Justices MOSELEY, O'NEILL and LAGARDE.[1]

## OPINION

Opinion By Justice SUE LAGARDE (Retired).

After entering a negotiated plea of nolo contendere to the offense of misdemeanor assault, the trial court sentenced appellant James Edward Langford to 365 days in the county jail, probated for twenty-four months, and assessed a $300 fine. The State later filed a motion to revoke appellant's probation to which appellant entered a negotiated plea of true and was sentenced to 120 days in the county jail. In a single issue on appeal, appellant asserts it was reversible error for the court reporter to fail to record his guilty plea and the revocation hearing as required by rule 13.1(a) of the Texas Rules of Appellate

---

1. The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas,     Retired, sitting by assignment.

Procedure. We affirm the trial court's judgment.

■ Initially, we note that to the extent appellant seeks reversal of his underlying conviction based upon the failure to record his guilty plea, he was required to raise that complaint in an appeal from the judgment placing him on probation and the issue may not be addressed in this appeal. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp.2003). Our review is therefore limited to whether the court reporter's failure to record the revocation hearing constituted reversible error.

■ To preserve error on appeal, an appellant must first present the complaint to the trial court by a timely request, objection, or motion, and obtain a ruling. TEX.R.APP. P. 33.1(a). A complaint at the trial court level informs the trial judge of the nature of the issue and affords him the opportunity to rule. *See Saldano v. State,* 70 S.W.3d 873, 887 (Tex.Crim.App.2002). But for certain exceptions not relevant here, rule 33.1(a) also applies to constitutional error. *See Wright v. State,* 28 S.W.3d 526, 536 (Tex.Crim.App.2000). Because there is nothing in the record that indicates appellant brought the court reporter's failure to record the revocation hearing to the attention of the trial court, he has failed to preserve this issue for review. *See Brossette v. State,* 99 S.W.3d 277, 284–85 (Tex.App.-Texarkana 2003, no pet. h.) (appellant's failure to object to the court reporter's failure to record bench conference waives error on appeal); *but cf. Tanguma v. State,* 47 S.W.3d 663, 674 n. 4 (Tex.App.-Corpus Christi 2001, pet. ref'd)

(appellant's failure to object to the court reporter's failure to record bench conferences *after the trial commences with court reporter in attendance and recording,* did not waive the issue for appeal).[2] Even absent waiver, however, we still would not conclude there was reversible error in this case.

■ Rule 13.1(a) requires the official court reporter to attend court sessions and make a full record of the proceedings unless excused by agreement of the parties. TEX.R.APP. P. 13.1(a).[3] As noted by the First District Court of Appeals, however, section 52.046 of the government code provides that "on request" the court reporter must record all proceedings. *Polasek v. State,* 16 S.W.3d 82, 88 (Tex.App.-Houston [1st Dist.] 2000, pet. refused); *see also* TEX. GOV'T CODE ANN. § 52.046 (Vernon 1998). When confronted with the apparent conflict between rule 13.1(a) and section 52.046 of the government code, the rule must yield. *See Polasek,* 16 S.W.3d at 89 (Robertson, J., concurring) (quoting *Few v. Charter Oak Fire Ins. Co.,* 463 S.W.2d 424 (Tex.1971)). Thus, if appellant wanted the court reporter to record the revocation hearing, he was still required to make a request pursuant to section 52.046 of the government code, irrespective of the provisions of rule 13.1(a). Because there is no indication appellant made such a request, we resolve appellant's sole issue against him.

We affirm the trial court's judgment.

---

**2.** The court in *Tanguma,* however, expressed no opinion as to whether a defendant must object to the absence of a court reporter, or the court reporter's failure to record, at the beginning of the proceedings. It specifically limited its holding to proceedings that occur after trial or hearing has begun with a court

reporter properly in attendance and recording the proceedings. 47 S.W.3d at 674 n. 4.

**3.** Former rules 11(a)(1) and (2) (rule 13.1(a)'s predecessor) required a record only when it was requested by a party or the trial court. *See Tanguma,* 47 S.W.3d at 670.