Opinion issued February 1, 2007









 

 





In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00123-CV






GARY A. NICHOLSON, Appellant


V.


FIFTH THIRD BANK, Appellee






On Appeal from County Civil Court at Law No. Three

Harris County, Texas

Trial Court Cause No. 816148




O P I N I O N

 Appellant, Gary A. Nicholson, appeals from a judgment rendered in favor of
appellee, Fifth Third Bank. We determine whether there was legally sufficient
evidence to support the trial court's judgment. We affirm.

Background

 On May 17, 2004, Fifth Third Bank sued Nicholson for breach of contract and
quantum meruit. Fifth Third Bank sought to recover damages and attorney's fees for
Nicholson's unpaid credit-card debt. Nicholson filed a timely answer denying the
allegations in Fifth Third Bank's petition. Fifth Third Bank filed a "Notice of Filing
Business Record Affidavit," which attached included summaries of Nicholson's
account and copies of checks from Nicholson made payable to and deposited by Fifth
Third Bank. 

 Although Fifth Third Bank's petition was filed in County Civil Court at Law
No. Three, due to disruptions from Hurricane Rita, a different court--County Civil
Court at Law No. Four--presided over a trial on the merits on September 26, 2005. 
That trial court ruled in favor of Fifth Third Bank and set a hearing for entry of
judgment on October 25, 2005. On October 5, 2005, Nicholson requested findings
of facts and conclusions of law and filed a motion for new trial. Nicholson's motion
for new trial was granted, and the matter was reset for a bench trial before County
Civil Court at Law No. Three. 

 On November 29, 2005, County Civil Court at Law No. Three conducted a
bench trial on the merits. The court entered judgment in favor of Fifth Third Bank
on January 23, 2006, from which judgment Nicholson appeals.

Legal-Sufficiency Challenge

 In two issues, Nicholson argues that Fifth Third Bank's evidence is legally
insufficient because it was incompetent evidence and "there [was] no tender of said
evidence or any evidence to the court that has been properly recorded to sustain the
judgment or for this appeal." 

 Texas Rule of Appellate Procedure 13.1(a) provides that the court reporter must
make a full record of the proceedings "unless excused by agreement of the parties."
Tex. R. App. P. 13.1(a). However, section 52.046(a) of the Texas Government Code
provides that the court reporter shall record certain proceedings "[o]n request." Tex.
Gov't Code Ann. § 52.046(a) (Vernon 2005). Thus, some courts of appeals,
including this Court, have held that rule 13.1 conflicts with section 52.046, that
section 52.046 prevails, a party is thus required to request a record. See Washington
v. State, 127 S.W.3d 111, 113-15 (Tex. App.--Houston [1st Dist.] 2003, no pet.);
Polasek v. State, 16 S.W.3d 82, 88-89 (Tex. App.--Houston [1st Dist] 2000, pet.
denied) (en banc); Langford v.. State, 129 S.W.3d 138, 139 (Tex. App.--Dallas 2003,
no pet.); see also Nabelek v. Dist. Attorney of Harris County, No. 14-03-00965-CV,
2005 WL 2148999, at *5 (Tex. App.--Houston [14th Dist.] Sept. 8, 2005, no pet.). 
It is the burden of the appellant to bring forward a sufficient record to show the error
committed by the trial court. Cf. Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex.
1990) (stating that burden is on appellant to present sufficient record to show error
requiring reversal). 

 When there is no reporter's record made and there are no findings of fact, we
assume that the trial court heard sufficient evidence to make all necessary findings in
support of its judgment. Vickery v. Comm'n for Lawyer Discipline, 5 S.W.3d 241, 251
(Tex. App.--Houston [14th Dist.] 1999, pet. denied); see Sixth RMA Partners, L.P.
v. Sibley, 111 S.W.3d 46, 52 (Tex. 2003) (citing BMC Software Belgium, N.V. v.
Marchand, 83 S.W.3d 789, 795 (Tex. 2002) and Worford v. Stamper, 801 S.W.2d 108,
109 (Tex. 1990)). That is, although an appellant may properly challenge the legal
sufficiency of evidence supporting the trial court's judgment against him, he cannot
prevail in any evidentiary challenge without first meeting his burden of presenting a
sufficient record on appeal. Schafer v. Conner, 813 S.W.2d 154, 155 (Tex. 1991);
Englander Co. v. Kennedy, 428 S.W.2d 806, 806-07 (Tex. 1968); Roob v. Von
Beregshasy, 866 S.W.2d 765, 766 (Tex. App.--Houston [1st Dist.] 1993, writ denied). 
Compare BMC Software, 83 S.W.3d at 795; Roberson v. Robinson, 768 S.W.2d 280,
281 (Tex. 1989) (holding that when appellate record includes reporter's and clerk's
records, implied findings of fact are not conclusive and may be challenged for legal
sufficiency). 

 Here, Nicholson failed to request that the court reporter record the November
29 hearing and that the trial court make findings of facts and conclusions of law for
the January 23 judgment. Nicholson requested findings of fact and conclusions of law
only for the first trial. Accordingly, because there is no reporter's record or findings
of fact due to Nicholson's failure to request them, we must assume that there was
sufficient evidence to support the trial court's judgment. See Schafer, 813 S.W.2d at
155.

 We overrule Nicholson's two issues. 

Conclusion


 We affirm the judgment of the trial court. 

 

 Tim Taft

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.