**Wanda Higbee SCHINDLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–08–00195–CR.**

Court of Appeals of Texas, Texarkana.

Submitted June 9, 2010.

Decided June 10, 2010.

Opinion on Rehearing Overruled Aug. 11, 2010.

---

Ted Beaty, Winnsboro, for appellant.

William W. Ramsay, County Atty., Mt. Vernon, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Wanda Higbee Schindley appeals from her conviction for misdemeanor driving while intoxicated. On September 4, 2008, Schindley was convicted, and the jury assessed punishment at 120 days' confinement probated for two years and a $1,000.00 fine. This case has had a wandering path through the legal system after Schindley's retained appellate attorney failed to seek preparation of a record to pursue her initial appeal, followed by a dismissal by this Court and its ultimate remand back to this Court by the Texas Court of Criminal Appeals, with directions to abate for a hearing on (among other things) her indigency. The trial court held a hearing and found Schindley not indigent. She appealed to this Court, and after briefing, on September 29, 2009, we reversed the trial court and directed that she be appointed counsel and provided a free copy of the reporter's record. After multiple extensions and an order to the court reporter from this Court, a free record was provided, and now, finally, over a year and a half after the trial, her appeal is ripe for review.

■ Counsel has filed a brief in which he contends in a single point of error that the trial court committed reversible error by failing to administer the proper jury oath required by Article 35.22 of the Texas Code of Criminal Procedure after the panel was selected. TEX.CODE CRIM. PROC. ANN. art. 35.22 (Vernon 2006). Counsel points out that there is authority holding that the complete failure to administer a jury oath renders the verdict a nullity-and that it is reversible error that may be raised for the first time on appeal. *See White v. State,* 629 S.W.2d 701, 704 (Tex.Crim.App.1981) (citing *Howard v. State,* 80 Tex.Cr.R. 588, 192 S.W. 770 (1917)); *Brown v. State,* 220 S.W.3d 552, 554 (Tex.App.-Texarkana 2007, no pet.).

The reporter's record as originally presented did not contain any indication that the jurors had been sworn. After the brief was filed, the State contacted the court reporter, who acknowledged that she had accidentally omitted part of the proceedings. She then prepared a supplemental record which contains the discourse in which the empaneled jurors were sworn in by the court prior to the commencement of trial. No error has been shown.

We affirm the judgment.

## OPINION ON MOTION FOR REHEARING

This Court has now been presented with two documents styled as a "Motion for Rehearing," one from counsel, and the other prepared pro se by the appellant, Wanda Higbee Schindley. We first note that the document filed by Schindley is not, despite its title, a motion for rehearing. A motion for rehearing is, by definition, a request for this Court to reconsider its opinion. This motion does not attack the opinion of this Court in any respect-save only seeking a different conclusion. Examining it for its content as we are required to do, it is apparent that this document is an attempt to file a pro se brief

raising six new points of error.[1]

There is no right to represent oneself in part, while also being represented by counsel; there is no general right to hybrid representation in Texas. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex.Crim. App.2007); *Turner v. State*, 805 S.W.2d 423, 425 n. 1 (Tex.Crim.App.1991); *Williams v. State*, 946 S.W.2d 886, 892 (Tex.App.-Waco 1997, no pet.). Appellants are not allowed to have hybrid representation on appeal. *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex.Crim.App.2001). Thus, Schindley has no right to file documents with this Court while represented by counsel. This Court may and should disregard pro se motions presented by a defendant represented by counsel. *Robinson*, 240 S.W.3d at 922.

Even if we had been timely requested to allow hybrid representation, and had chosen to permit Schindley to file her own brief, the time for appellant to file a brief in this case ended three months past. The record was filed on January 12, 2010, and appellant's brief was filed March 17, 2010. The State's reply brief was filed May 19, 2010, and the case was submitted to the Court pursuant to Tex.R.App. P. 39.8 on June 9, 2010. Our opinion issued June 10, 2010.

One of Schindley's major complaints is that her appointed attorney did not use the points and arguments that she provided for him. Because this seems to be a recurrent theme both in this case and other appeals recently presented to this Court, we will address it. We have received briefs in other cases recently in which the attorney felt that it was necessary to address points of error suggested by his or her client. Counsel may choose to do this, but is not required to do so. We direct the attention of Schindley and the bar to the Rules of Professional Conduct, which set out and explain the obvious—that the function of an attorney to the legal system is to act as the expert advocate representing his or her client. Tex. Disciplinary R. Prof'l Conduct preamble § 2, *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G app. A (Vernon 2005). An attorney is to abide by a client's decisions in a criminal case, after consultation, about the plea to be entered, whether to waive jury trial, and whether the client will testify. In all other respects, it is the duty of counsel to analyze the case and to determine and present what (if any) nonfrivolous issues may exist on appeal. Tex. Disciplinary R. Prof'l Conduct 1.02, *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G app. A (Vernon 2005).

Further, if counsel presents issues to this Court, even noted as being requested by the defendant, that are frivolous, counsel is breaching his or her duty to this Court. Standards for Appellate Conduct, Texas Rules of Court (State) 425–27 (West 2010).[2]

On rehearing, counsel states that on June 3, 2010 (after all briefing was complete, and less than a week before submission), he contacted the court reporter and requested supplementation of the record to include "the voir dire of the jury panel, and any hearing on Defendant's Motion to Suppress." The court reporter responded by stating that "[a]fter a diligent search of my records, I did not report a hearing on Defendant's Motion to Sup-

---

1. *See* Tex.R. Civ. P. 71; *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex.1980).

2. An attorney, whether appointed or retained, is under an ethical obligation to refuse to pursue a frivolous appeal. *McCoy v. Court of Appeals of Wisc., Dist. 1*, 486 U.S. 429, 435, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988).

press on the referenced Cause...." We have reviewed the record again and find nothing in this record to indicate that any such hearing was ever conducted in this case.

We have also contacted the court reporter, who explained that she did not have a record to transcribe of the voir dire, stating,

> I do not have a complete voir dire. I tried, could not hear. I could not report what I could not hear. Ms. Schindley insisted on performing her voir dire herself. She was asked to speak up several times, but to no avail.

No transcription of the voir dire is available, and none will be.

This Court has already addressed situations where court reporters have failed to record proceedings. This Court, the Eastland and the Corpus Christi Courts of Appeals have held the court reporter has a duty to record all proceedings unless a party expressly waives his or her right to have a court reporter record the proceedings. *Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 161 (Tex. App.-Texarkana 2005, no pet.); *Smith v. State*, 114 S.W.3d 66, 70 (Tex.App.-Eastland 2003, pet. ref'd); *Tanguma v. State*, 47 S.W.3d 663, 670 (Tex.App.-Corpus Christi 2001, pet. ref'd), *overruled in part by Valle v. State*, 109 S.W.3d 500, 508–09 (Tex.Crim.App.2003) (objection still required to preserve error for appellate review).[3] The failure of the court reporter to transcribe the proceedings constitutes error in violation of Rule 13.1(a) of the Texas Rules of Appellate Procedure, but the Texas Court of Criminal Appeals has determined that unless such error is properly preserved, the appellate court may not review it.[4] *Valle*, 109 S.W.3d at 508–09.

Rule 33.1 provides: "(a) In General. As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion...." TEX.R.APP. P. 33.1(a). The record contains no indication that any objection was made to the failure of the court reporter to record the proceedings. Since such error may not be considered on appeal in this case, Schindley's argument about the absence of a transcription of the voir dire examination provides no basis upon which to grant a rehearing.

We overrule the motion for rehearing.

---

**3.** *Brossette v. State*, 99 S.W.3d 277, 284 (Tex. App.-Texarkana 2003, pet. dism'd, untimely filed).

**4.** In so holding, we found ourselves in disagreement with courts of appeals which have held that Rule 13.1(a) was in conflict with TEX. GOV'T CODE ANN. § 52.046(a), and that the statute controlled. *Nabelek v. Dist. Attorney*

of Harris County, 290 S.W.3d 222, 231 (Tex. App.-Houston [14th Dist.] 2005, no pet.); *Polasek v. State*, 16 S.W.3d 82, 88–89 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd); *see Garza v. State*, 212 S.W.3d 503, 505 (Tex. App.-Austin 2006, no pet.); *Langford v. State*, 129 S.W.3d 138, 139 (Tex.App.-Dallas 2003, no pet.).