**Affirmed as Modified and Opinion Filed February 24, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01677-CR

### MELVIN X. CELESTINE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 2
### Dallas County, Texas
### Trial Court Cause No. F08-61495-I

## OPINION

Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice FitzGerald

Appellant Melvin X. Celestine pleaded nolo contendere to misdemeanor assault and was placed on community supervision. After he violated the terms of his community supervision, the trial judge adjudicated his guilt and sentenced him to eleven months in jail. Appellant appeals from the order adjudicating guilt. We reduce the assessment of court costs against appellant and affirm the judgment as modified.

## I. BACKGROUND

In November 2008, appellant was indicted for third-degree-felony assault involving family violence. He entered into a plea agreement with the State and pleaded nolo contendere to class A misdemeanor assault. The plea agreement that appellant signed contains a judicial confession that he committed the offense of assault "exactly as alleged in the charging

instrument." Appellant also signed a separate judicial confession that appears in the clerk's record. On March 27, 2009, the trial judge signed an order of deferred adjudication placing appellant on community supervision for one year. In that order, the judge ordered appellant to pay a fine of $500 and court costs of $240. The judge also signed a separate certification that appellant waived the right of appeal.

On March 4, 2010, the State filed a motion to proceed to an adjudication of guilt in which the State alleged that appellant had violated several conditions of his community supervision. In December 2012, the trial judge heard the State's motion, and appellant pleaded true and signed a judicial confession. The judge found appellant guilty of assault and sentenced him to eleven months' confinement in the county jail. The judgment adjudicating guilt assessed no fine and assessed court costs of $690. This appeal followed.

## II.  ANALYSIS

Appellant raises two points of error in his principal brief on appeal. In his first point of error he complains about the lack of a reporter's record from his plea hearing. In his second point of error he attacks the assessments of court costs. We later granted appellant leave to file a supplemental brief in which he raises four supplemental points of error relating to court costs.

### A.  Lack of record

In his first point of error, appellant argues that he is entitled to a new trial because no record was made of the March 27, 2009 hearing of his negotiated plea, or because the record has been lost or destroyed. On our own motion, we ordered the trial judge to make findings regarding the existence and status of any reporter's record of the March 27, 2009 hearing. The trial judge found that the hearing was not recorded by a court reporter because this was a misdemeanor case and because misdemeanor cases are not reported on the record in the absence of a request from defense counsel. The judge then found that appellant waived the recording of

the plea hearing "by failing to request that a court reporter be present to record the proceedings." The judge further found "that no record was made on March 27, 2009 in regard to this case because no such record was requested. The notes of the March 27, 2009 hearing are not available and cannot be transcribed because they do not exist. Because the record was never made, the notes could not have been lost or destroyed."

The State contends that we lack jurisdiction over appellant's first point of error based on the rule of *Manuel v. State*: a defendant who is placed on deferred-adjudication community supervision may appeal issues relating to the original plea proceeding only in an appeal taken when deferred adjudication is first imposed. 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Appellant did not timely appeal after the rendition of the order of deferred adjudication in this case. Appellant acknowledges the *Manuel* rule but argues that his point of error comes within the "void judgment" exception to the rule. *See Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001) (recognizing and explaining the void-judgment exception). Judgments are void "only in very rare situations." *Id*. at 668. The *Nix* court identified four such situations: (1) the charging instrument was constitutionally defective, (2) lack of subject-matter jurisdiction in the trial court, (3) a complete lack of evidence to support the conviction, and (4) conviction of an indigent defendant without appointment of counsel or a waiver of such counsel. *Id*. *Nix* permits appellant to argue on appeal that the original order of deferred adjudication was void. *See id*. ("[W]e hold that the void judgment exception . . . applies in the deferred adjudication context.").

Appellant argues that the order of deferred adjudication is or may be void because it is supported by insufficient evidence. But insufficiency of the evidence is not a defect that makes a judgment void. "For the judgment to be void, the record must show a complete lack of evidence to support the conviction, not merely insufficient evidence." *Id*. at 668 n.14. Construing appellant's contention as a no-evidence argument, we immediately confront the problem that the

absence of a reporter's record from the plea proceedings makes a no-evidence review impossible. Appellant cannot show the order of deferred adjudication is void on no-evidence grounds; the question becomes whether appellant can complain about the court reporter's failure to transcribe the plea proceedings because that failure makes it impossible for him to mount a no-evidence-voidness challenge now.

*Nix* lights our way. In *Nix*, the defendant pleaded no contest to a misdemeanor and waived, in writing, his right to have the plea proceeding recorded by a court reporter. 65 S.W.3d at 666 & n.1. The defendant was placed on community supervision, violated the conditions of his community supervision, and was ultimately adjudicated guilty and sentenced to jail. *Id*. at 666. The defendant attempted to appeal after the adjudication of guilt, but the court of appeals dismissed the appeal for want of jurisdiction, and the court of criminal appeals affirmed. *Id*. at 666–67. The court of criminal appeals' analysis of the void-judgment exception to the *Manuel* rule is pertinent to the instant case:

> [F]or a judgment to be void, the record must leave no question about the existence of the fundamental defect. If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void, even though the available portions of the record tend to support the existence of the defect. For example, when a defendant levels a "no evidence" challenge against the conviction, but the record contains no court reporter's transcription of the original plea hearing, then the conviction is not void, even though the record—as far as it goes—tends to support the no evidence claim. "Without the transcription, we are unable to ascertain whether other evidence was introduced to support the appellant's conviction."

*Id*. at 668–69 (footnotes omitted); *see also Martinez v. State*, 194 S.W.3d 699, 702–03 n.3 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (following *Nix* in case in which appellant waived court reporter at plea hearing). We recently applied the *Nix* analysis in the case of *Hamilton v. State*, No. 05-11-00772-CR, 2013 WL 485776 (Tex. App.—Dallas Feb. 6, 2013, pet. ref'd) (mem. op., not designated for publication). We concluded that the absence of a reporter's record from the plea proceedings barred the appellant's belated contention that there was no evidence to

–4–

support the deferred-adjudication order, without noting whether or not the appellant had waived the recording of those proceedings. *Id.* at *2.

In the instant case, we have the trial judge's affirmative finding that appellant waived the recording of his plea hearing by failing to request a court reporter. We have held that a defendant must make a request for a court reporter to record a hearing in order to preserve error. *Langford v. State*, 129 S.W.3d 138, 139 (Tex. App.—Dallas 2003, no pet.); *accord Satterfield v. State*, 367 S.W.3d 868, 871 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd); *see also* TEX. GOV'T CODE ANN. § 52.046(a) (West 2013) (providing that court reporters shall perform certain duties "[o]n request"). Appellant has not challenged the trial judge's waiver finding, and there is no indication in the record that appellant made a request for a court reporter to record the plea proceedings. Appellant points out that the plea agreement contains a box labeled "Defendant waives a court reporter" and that the box is not checked. But evidence that appellant did not execute a written waiver of his right to a court reporter is no evidence that he actually requested a court reporter as was necessary to avoid waiver. *See Langford*, 129 S.W.3d at 139.

Based on the trial judge's unchallenged finding, we conclude that appellant waived the right to have a court reporter record his plea hearing. Accordingly, under *Nix* it is impossible for appellant to show that the order of deferred adjudication is void on no-evidence grounds. *See Nix*, 65 S.W.3d at 668–69; *see also Hamilton*, 2013 WL 485776, at *2. Because appellant has failed to allege an error that could render the order of deferred adjudication void, we cannot consider his first point of error. *See Nix*, 65 S.W.3d at 669; *Manuel*, 994 S.W.2d at 661–62.

**B.      Costs**

In his second original point of error, appellant complains that the award of court costs of $240 in the order of deferred adjudication and the award of court costs of $690 in the judgment adjudicating guilt are supported by insufficient evidence. In a supplemental brief, appellant also

raises several reply issues (four of which are also labeled "supplemental points of error") about the assessment of court costs.[1]

### 1. Additional facts

After appellant filed his opening brief in this appeal, the State requested the preparation of a supplemental clerk's record containing additional documents relating to court costs. That record was filed in July 2013. Appellant requested leave to file a supplemental brief to address the supplemental clerk's record, which we granted. After appellant filed his supplemental brief, we issued an order directing the trial court clerk to prepare another supplemental clerk's record containing a cost bill or other document sufficient to comply with the code of criminal procedure's provisions about court costs. In November 2013, the clerk filed another supplemental clerk's record in response to our order. The parties did not file any additional briefs after the filing of this last supplemental clerk's record.

### 2. Costs assessed in the order of deferred adjudication

The State contends that appellant cannot contest the $240 of court costs assessed against him in the order of deferred adjudication because any such contest had to be raised in a direct appeal from that order. We agree. Because appellant did not appeal the imposition of court costs when the deferred-adjudication order was rendered, his complaints about those costs are untimely. *See Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013); *Williams v. State*, No. 05-12-00888-CR, 2013 WL 6157336, at *1 (Tex. App.—Dallas Nov. 21, 2013, no pet.) (mem. op., not designated for publication).

The December 2012 judgment adjudicating guilt assesses court costs of $690. The supplemental clerk's records reveal that the $450 increase consisted of a $400 attorney's fee

---

[1] This case is but one of many recent appeals in which we have been "asked to engage in a function of auditing bills of costs." *Wolfe v. State*, 377 S.W.3d 141, 148 n.1 (Tex. App.—Amarillo 2012, no pet.) (Campbell, J., concurring and dissenting).

(because mathematically that amount could not have been part of the $240 originally assessed) and a $50 law-enforcement fee for the execution or processing of a capias (because the capias was not issued until March 2010, long after the rendition of the deferred-adjudication order).

We can review appellant's arguments only to the extent they relate to the $450 of court costs assessed for the first time in the judgment adjudicating guilt. Accordingly, we reject appellant's reply issues five, six, and seven, the first two of which also serve as supplemental points of error three and four.

### 3.    Bill of costs

In appellant's second point of error in his principal brief, he argued that the trial judge's assessments of court costs were supported by insufficient evidence because the record did not contain a bill of cost. That defect has now been remedied. We reject appellant's second point of error. *See Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.); *see also Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4–6 (Tex. App.—Dallas July 29, 2013, pet. ref'd). In appellant's first reply issue, he contends that the July 2013 supplemental clerk's record should not be considered in support of the cost assessment because it was not properly before the trial judge. We rejected that argument in *Coronel*. *See Coronel*, 2013 WL 3874446, at *4–6. In reply issue two, appellant argues that the documents contained in the July 2013 supplemental clerk's record are too informal to satisfy the bill-of-cost requirement in the code of criminal procedure. This issue is mooted by the filing of the November 2013 supplemental clerk's record, which contains documents that satisfy the formal requirements of the code of criminal procedure under our decision in *Coronel*. *See id*.

### 4.    Sheriff's fee

In supplemental point of error one, which is also reply issue three, appellant argues that the $690 cost assessment includes a $50 sheriff's fee that is not supported by the record. The

sheriff's fee is authorized by both the government code and the code of criminal procedure. The government code provides:

> A person convicted of an offense shall pay the following under the Code of Criminal Procedure, in addition to all other costs:
>
> . . .
>
> (3) fees for services of [a] peace officer:
>
> . . .
>
> > (B) executing or processing an issued arrest warrant, capias, or capias pro fine (Art. 102.011, Code of Criminal Procedure) . . . $50[.]

TEX. GOV'T CODE ANN. § 102.021(3)(B) (West Supp. 2013). Article 102.011 of the code of criminal procedure adds certain prerequisites for the assessment of that fee:

> (a) A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer:
>
> . . .
>
> (2) $50 for executing or processing an issued arrest warrant, capias, or capias pro fine with the fee imposed for the services of:
>
> > (A) the law enforcement agency that executed the arrest warrant or capias, if the agency requests of the court, not later than the 15th day after the date of the execution of the arrest warrant or capias, the imposition of the fee on conviction; or
> >
> > (B) the law enforcement agency that processed the arrest warrant or capias, if:
> >
> > > (i) the arrest warrant or capias was not executed; or
> > >
> > > (ii) the executing law enforcement agency failed to request the fee within the period required by Paragraph (A) of this subdivision[.]

TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2) (West Supp. 2013). In this case, the July 2013 supplemental clerk's record contains a copy of a capias that states that it was returned on November 30, 2012. But, appellant points out, the sheriff's return on that capias has a space for "Fees," and that space was left blank. Appellant concludes that the $50 assessment must be reversed because there is no indication the sheriff actually requested the fee.

We conclude that the statutes do not require an affirmative request for the fee by the sheriff on the facts of this case, and so we reject appellant's argument. Article 102.011(a)(2)(A) requires a timely request for the fee only if the fee is sought by the agency that executed a capias; absent such a request, the fee defaults to the agency that processed the capias. *See id.* The "sheriff's return" portion of the capias was completed by someone whose signature is illegible but who added the words "Dallas P.D." after his or her signature. Thus, the record indicates that the Dallas County Sheriff's Department did not execute the capias—the Dallas Police Department did. The capias was issued in Dallas County and addressed to "any Sheriff or any Constable of the State of Texas," giving rise to an inference that the Sheriff's Department did process the capias. Because article 102.011(a)(2)(B) does not require a request for the $50 fee by the processing law enforcement agency, the absence of evidence of a request by the Dallas County Sheriff's Department is immaterial.

For these reasons, we conclude the record adequately supports the assessment of the $50 fee under article 102.011(a)(2)(B)(ii).

### 5.    Attorney's fees

In supplemental point of error two, which is also reply issue four, appellant argues that the $690 cost assessment includes $400 in attorney's fees that must be deleted for lack of support in the record. The trial judge has the discretionary authority to order a defendant to reimburse the government for an appointed attorney's fees when the defendant has the financial resources to repay all or part of the cost of the legal services provided. *Cortez v. State*, No. 05-12-01319-CR, 2013 WL 5969564, at *1 (Tex. App.—Dallas Nov. 7, 2013, no pet.) (mem. op., not designated for publication); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2013). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees."

–9–

*Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Thus, before a trial judge can assess attorney's fees as costs under article 26.05(g), the judge must determine that the defendant possesses the necessary financial resources, and the record must show some factual basis to support that determination. *Youkers v. State*, 400 S.W.3d 200, 212 (Tex. App.—Dallas 2013, pet. ref'd); *see also Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013). Moreover, a defendant who is determined to be indigent is presumed to remain indigent for the remainder of the proceedings unless a material change in the defendant's financial circumstances occurs. *Cates*, 402 S.W.3d at 251.

In this case, the trial judge found that appellant was indigent at the outset of the proceedings and appointed counsel for him, even though appellant swore in his affidavit of indigence that his total monthly income was $1,000. After the State filed its motion to proceed to adjudication of guilt, appellant filed a sworn request for appointed counsel in which appellant averred that he had no income and no assets. The trial judge again found appellant indigent and appointed counsel for him. After rendering the judgment adjudicating guilt, the trial judge again found appellant indigent and appointed appellate counsel for him. The judge never made a finding that appellant was able to repay any part of the costs of his court-appointed attorney. Thus, the record supports appellant's contention that the assessment of attorney's fees was erroneous.

The State argues that the assessment of attorney's fees is supported by appellant's averment in his original affidavit of indigence that he had a monthly income of $1,000. The State contends that this was some evidence that appellant had financial resources that enabled him to offset, in whole or in part, the cost of his attorney's legal services. But the trial judge never made a judicial finding to that effect, and the judge made several contrary findings that appellant was indigent and unable to employ counsel. If a defendant has been found indigent

and there is no judicial finding that the defendant is able to repay the costs of court-appointed counsel, no attorney's fee can be assessed against the defendant. *Id*. at 251–52. Because there is no such finding in the record, the assessment of the attorney's fee was erroneous. We sustain appellant's issue and reduce the assessment of costs by $400, the amount shown in the cost bill to be attributable to the "court appointed attorney fee."

### III. CONCLUSION

We reduce the assessment of court costs against appellant to $290. As modified, the trial court's judgment is affirmed.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121677F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MELVIN X. CELESTINE, Appellant

No. 05-12-01677-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F08-61495-I.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment of the trial court by reducing the assessment of court costs from $690 to $290.  As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered February 24, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE