**Opinion issued January 26, 2023**



In The

# Court of Appeals

### For The

# First District of Texas

_____

**NO. 01-22-00873-CR**

**NO. 01-22-00901-CR**

_____

**IN RE ROBERT RIOS, Relator**

---

**Original Proceeding on Petitions for Writ of Habeas Corpus**

---

### MEMORANDUM OPINION

Relator Robert Rios ("Relator") filed two petitions for writ of habeas corpus in connection with the same trial court case.[1] In one petition, he asks that he be "discharged from [] illegal custody and restraint, or, in the alternative, that the amount of bond required be reduced to $30,000." He asserts that his $300,000

---

[1] The underlying case is *State of Texas v. Robert Rios*, Cause No. 1750268, pending in the 337th District Court of Harris County, Texas, the Honorable Colleen Gaido presiding.

bond is "excessive." In the other petition, he argues that the State "is not ready for trial" even though he has been confined for more than ninety days, so "the bail must be reduced to an amount [Relator] can post." He asks that his bail be reduced "to an amount no greater than $30,000."

We dismiss the petitions for writ of habeas corpus for lack of jurisdiction.

Pursuant to Texas Government Code Section 22.221(d), this Court's original jurisdiction to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a *civil case*. TEX. GOV'T CODE § 22.221(d); *see also Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding) (explaining intermediate courts have original habeas jurisdiction only when "a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case"). Section 22.221(d) states, in pertinent part:

> Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge *in a civil case*. Pending the hearing of an application for a writ of habeas corpus, the court of appeals or a justice of the court of appeals may admit to bail a person to whom the writ of habeas corpus may be granted.

*Id*. (emphasis added).

Original jurisdiction to issue a writ of habeas corpus in a criminal proceeding is limited to the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. art. 11.05; *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("The courts of appeals have no original habeas-corpus jurisdiction in criminal matters. Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts." (internal citations omitted)). Intermediate appellate courts lack original habeas jurisdiction in criminal proceedings. *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also* TEX. CODE CRIM. PROC. art. 11.05. In criminal matters, our habeas corpus jurisdiction is appellate only. *See* TEX. GOV'T CODE § 22.221(d); *Ex parte Denby*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding). Thus, this Court has habeas corpus jurisdiction in criminal matters only after a trial court denies habeas relief following a hearing on the application. *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986).

To the extent Relator contends he filed a petition for writ of habeas corpus in the trial court prior to seeking relief from this Court, there is nothing in the record that reflects he filed a petition or that the trial court ruled on any such petition. We thus lack jurisdiction over Relator's petitions for writ of habeas corpus. *See, e.g.*,

*In re Brown*, Nos. 01-22-00136-CR to 01-22-00140-CR, 2022 WL 1008803, at *1 (Tex. App.—Houston [1st Dist.] Apr. 5, 2022, orig. proceeding) (mem. op., not designated for publication) ("We . . . lack jurisdiction over this attempt to seek habeas relief directly from this Court."); *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, no pet.) (holding that because contemptuous conduct occurred in criminal law matter, court of appeals lacked original habeas jurisdiction and dismissed petition "to the extent it [sought] habeas relief.").

We dismiss Relator's petitions for writ of habeas corpus for lack of jurisdiction. All pending motions are dismissed as moot.[2]

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Countiss and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] We note that Relator refers in one of his petitions to his attorney. Even if we had jurisdiction, Relator would not be successful in seeking habeas relief, as he does not have the right to represent himself in this proceeding while also represented by counsel. *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001); *see also Schindley v. State*, 326 S.W.3d 227, 230 (Tex. App.—Texarkana 2010, pet. ref'd) ("There is no right to represent oneself in part, while also being represented by counsel; there is no general right to hybrid representation in Texas.").