**AFFIRMED as MODIFIED Opinion filed May 24, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00670-CR

**FERNANDO ANGELES DURAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F-2059926**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

A jury found appellant guilty of continuous sexual abuse of a child younger than fourteen years of age. The trial court sentenced appellant to thirty years' confinement. Appellant complains in this Court that (1) the court reporter did not transcribe voir dire proceedings and numerous bench conferences and (2) the trial court erred in admitting expert testimony. The State, in three cross-points, seeks modification of the judgment. We modify the judgment and affirm it as modified.

Because all issues are settled in the law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.[1]

## BACKGROUND

A grand jury indicted appellant for continuous sexual abuse of a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 21.02.

Before trial, the trial court granted appellant's motion to have voir dire proceedings and bench conferences transcribed by the court reporter. However, the court reporter did not transcribe those proceedings and conferences. Moreover, the appellate record does not reflect that appellant objected in the trial court to the court reporter's failure to transcribe the proceedings.

At trial, the court held a hearing outside the presence of the jury to determine whether Melissa Hernandez was qualified to present expert testimony as a forensic interviewer. The trial court ruled Hernandez was "qualified to give her expert opinion in the area of child forensic interview." Hernandez subsequently testified about her forensic interview of the complainant, whom we refer to as C.T. During the interview, C.T. described appellant's sexual abuse of her.

The jury found appellant guilty. The trial court assessed punishment at 30 years' confinement. The judgment did not (1) reflect that appellant is required to register as a sex offender, (2) reflect C.T.'s age at the time of the offense, (3) contain an

---

[1] As this is a memorandum opinion and the parties are familiar with the facts and all issues of law presented by this case are will settled, we will not recite the facts or the law here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

affirmative finding that C.T. was younger than fourteen years of age at the time of offense, or (4) contain an affirmative finding of family violence.

Appellant filed a notice of appeal. This appeal followed.

## THE COURT REPORTER'S RECORD

In his first issue, appellant complains the court reporter failed to transcribe voir dire proceedings and at least twelve bench conferences. In a pre-trial motion, appellant requested "that a complete record be made of the trial, including voir dire, all testimony, bench conference and argument of counsel." The trial court granted the motion.

Appellant argues in this Court that the failure to transcribe voir dire proceedings and numerous bench trials was error. He relies on the Texas Government Code and the Texas Rules of Appellate Procedure. Section 52.046(a) of the government code provides,

(a) On request, an official court reporter shall:

(1) attend all sessions of the court;

(2) take full shorthand notes of oral testimony offered before the court, including objections made to the admissibility of evidence, court rulings and remarks on the objections, and exceptions to the rulings;

(3) take full shorthand notes of closing arguments if requested to do so by the attorney of a party to the case, including objections to the arguments, court rulings and remarks on the objections, and exceptions to the rulings;

(4) preserve the notes for future reference for three years from the date on which they were taken; and

(5) furnish a transcript of the reported evidence or other proceedings, in whole or in part, as provided by this chapter.

TEX. GOV'T CODE ANN. § 52.046(a).

Texas Rule of Appellate Procedure 13.1 provides,

The official court reporter or court recorder must:

(a) unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings;

(b) take all exhibits offered in evidence during a proceeding and ensure that they are marked;

(c) file all exhibits with the trial court clerk after a proceeding ends;

(d) perform the duties prescribed by Rules 34.6 and 35; and

(e) perform other acts relating to the reporter's or recorder's official duties, as the trial court directs.

TEX. R. APP. P. 13.1.

Generally, a court reporter must make a full record of all proceedings. *See id.*; *Ibarra v. State*, No. 05-09-01063-CR, 2011 WL 5042081, at *5 (Tex. App.—Dallas Oct. 25, 2011, no pet.) (mem. op., not designated for publication). However, to preserve error related to a court reporter's failure to do so, a defendant must object. *See* TEX. R. APP. P. 33.1(a) (providing, in part, that as a prerequisite to presenting a complaint for appellate review, the record must show a complaint was made to the trial court by a timely request, objection, or motion); *Davis v. State,* 345 S.W.3d 71, 77 (Tex. Crim. App. 2011) (the burden on an appealing party to make a record

demonstrating error in the trial court included the burden to object when the official court reporter was not present in order to preserve any error that may have occurred to preserve error for appeal); *Valle v. State,* 109 S.W.3d 500, 508–09 (Tex. Crim. App. 2003) (error not preserved because record did not reflect appellant objected to the court reporter's failure to record the bench conferences nor did appellant allege he made such an objection at trial). Here, appellant has not brought forward a record reflecting that he objected to either the absence of a court reporter or, if a court reporter was present, the reporter's failure to record the voir dire proceedings or the bench conferences. Accordingly, he has not preserved error for appeal. *See Valle,* 109 S.W.3d at 508–09; *Davis*, 345 S.W.3d at 77; *Ibarra*, 2011 WL 5042081, at *5 (appellant failed to object to either absence of a court reporter or, if a court reporter was present, the reporter's failure to record voir dire proceedings); *Schindley v. State,* 326 S.W.3d 227, 231 (Tex. App.—Texarkana 2010, pet. ref'd) (op. on reh'g) (defendant failed to preserve error in court reporter's failure to transcribe voir dire proceedings because the record did not demonstrate appellant objected in the trial court).

Nonetheless, appellant argues this case "is unique among the cases that analyze Section 52.046(a)(1)-(5) of the Government Code and Rule 13.1 of the Texas Rules of Appellate Procedure" for two reasons. First, he argues, the clerk's record contains an affirmative request for a complete record, including voir dire proceedings and bench conferences. However, the court of criminal appeals in

*Valle* stated, "While the granting of a pretrial motion to record bench conferences relieves a party of the burden of asking to have each bench conference recorded as it occurs, it does not preserve error. As a part of error preservation, a party is required to object." *Valle*, 109 S.W.3d at 508. Similarly, not objecting to a failure to record voir dire proceedings does not preserve error for appeal—despite a request that all proceedings be recorded. *See Ham v. State*, 355 S.W.3d 819, 823–24 & n.7 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Valle*, 109 S.W.3d 508). Consequently, case law does not support appellant's first contention.

Second, appellant argues this case is "unique" because the trial judge below—after voir dire proceedings and before subsequent trial proceedings—stated from the bench, "Let's go back on the record[.]" Appellant asserts the "lack of objection" to the trial court's statement "establishes that the parties and the trial court believed they had been on the record before—presumably during voir dire."

However, the instant case is not unique, contrary to appellant's assertion. In *Peek v. State*, the court reporter failed to fully transcribe trial proceedings, instead transcribing entries such as "Jury seated," "Jury sworn," "Indictment read," "Witness sworn," and "Discussion at bench." *See* No. 06-08-00069-CR, 2008 WL 5090344, at *2 (Tex. App.—Texarkana Dec. 4, 2008, no pet.) (mem. op., not designated for publication). The *Peek* court held appellant "waived" the error because he failed to object at trial. *See id.* at *2 (citing rule 33.1(a) of the Texas Rules of Appellate Procedure as requiring objection at trial court level as a

prerequisite to presenting complaint for appellate review). Moreover, the *Peek* court rejected an argument that objection is not required to preserve error when counsel is "unaware" of a court reporter's failure to record trial proceedings. *Id.* (citing *Velazquez v. State*, No. 14-06-00086-CR, 222 S.W.3d 551, 557 n.4 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (mem. op., not designated for publication)).

Notably, appellant fails in this Court to cite to or to address rule 31.1 of the Texas Rules of Appellate Procedure. As noted, that rule explicitly requires an objection to preserve error. *See* TEX. R. APP. P. 33.1(a). In construing procedural rules, we apply the same rules of construction that govern the interpretation of statutes. *See In re Millwork*, 631 S.W.3d 706, 711 (Tex. 2021) (orig. proceeding) (per curiam). When a rule of procedure is clear and unambiguous, we construe the rule's language according to its plain or literal meaning. *See id.* The plain meaning of rule 33.1(a) provides no exception, express or implied, for failure to object due to trial counsel's mistaken belief concerning the need to object. We may not and do not attempt to "judicially amend" rule 33.1(a) to engraft such an exception to the rule. *See State v. J.E.J.*, 647 S.W.3d 437, 446 (Tex. App.—Beaumont 2022, no pet.) (it is not appellate court's place to judicially amend a statute to add an exception not implicitly contained in the language of the statute); *Peek*, 2008 WL 5090344, at *2 (declining to "make an exception to well-established Texas precedent" requiring an objection to a court reporter's failure to record trial proceedings to preserve error).

Consequently, we conclude appellant has failed to distinguish *Davis* and *Valle*, which we are bound to follow. *See Williams v. State*, No. 05-21-00920-CR, 2022 WL 18006700, at *8 (Tex. App.—Dallas Dec. 30, 2022, no pet.) (mem. op., not designated for publication) (this Court is bound by the precedent of the Texas Court of Criminal Appeals and may not deviate therefrom). Nor has appellant's argument overcome the plain language of rule 31(a). *See* TEX. R. APP. P. 33.1(a).

. . .

We overrule appellant's first issue.

## EXPERT QUALIFICATION

In his second issue, appellant argues the trial court abused its discretion in holding that the forensic interviewer who interviewed C.T. in this case qualified as an expert witness.

### STANDARD OF REVIEW

An appellate court reviews a trial court's decision to admit expert testimony for an abuse of discretion. *See Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). A trial court abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably. *See id.*

### APPLICABLE LAW

Texas Rule of Evidence 702 provides that if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill,

experience, training, or education may testify thereto in the form of an opinion or otherwise. *See* TEX. R. EVID. 702. In accordance with Rule 702, expert testimony is admissible if: (1) the expert qualifies as an expert by reason of knowledge, skill, experience, training, or education; (2) the subject matter of the testimony is an appropriate one for expert testimony; and (3) admitting the expert testimony will actually assist the fact-finder in deciding the case. *See Wells v. State*, 611 S.W.3d 396, 426 (Tex. Crim. App. 2020). These conditions are commonly referred to as (1) qualification, (2) reliability, and (3) relevance. *See id.*

Qualification should be evaluated independently from reliability and relevance. *See Vela v. State*, 209 S.W.3d 128, 131 (Tex. Crim. App. 2006). To determine whether a trial court has abused its discretion in ruling on an expert's qualifications, an appellate court may consider three questions: (1) Is the field of expertise complex? (2) How conclusive is the expert's opinion? (3) How central is the area of expertise to the resolution of the lawsuit? *See Rhomer*, 569 S.W.3d at 669–70. Greater qualifications are required for more complex fields of expertise and for more conclusive and dispositive opinions. *See id.* at 670.

Because a witness will not always qualify as an expert merely by virtue of a general background, qualification involves a two-step inquiry: (1) an expert witness must have a sufficient background in a particular field; and (2) a trial court must also determine whether that background goes to the very matter on which the expert witness is giving an opinion. *See Rhomer*, 569 S.W.3d at 669; *Vela*, 209 S.W.3d at

131. The specialized knowledge that qualifies a witness to offer an expert opinion may be derived from specialized education, practical experience, a study of technical works, or a combination of these things. *See Rhomer*, 569 S.W.3d at 669. In other words, the expert's background must be tailored to the area of expertise covered by the expert's intended testimony. *See id.* The party offering the expert testimony has the burden to show the expert is qualified on the matter in question. *See id.*

## ANALYSIS

During the trial, the trial court held a hearing outside the presence of the jury to determine whether the forensic interviewer, Melissa Hernandez, qualified to provide expert testimony. At the conclusion of the hearing, the trial court ruled from the bench that Hernandez "is qualified to give her expert opinion in the area of child forensic interview."

During the hearing, Hernandez testified to the following facts. She is employed at the Dallas Children's Advocacy Center. She had been employed there as a forensic interviewer for two years and has conducted more than 630 forensic interviews. Forensic interviewers are trained to speak to children ages two to seventeen who have been alleged to have been abused. She previously worked as a family advocate for two years and as a summer intern in forensic interviewing. She has a bachelor's degree in criminology and criminal justice. She attended three block trainings provided by the Child Advocacy Center of Texas. Block one was three days of training in the Center's interview protocols; block two was one day of in-depth

–10–

training in Center protocols; and block three was two days of "core training." Additionally, she completed multisession forensic interview training. In all, she completed seventy-two hours of training to conduct forensic interviews in Texas. Her training was based on studies conducted by experts in the field of forensic interviewing. She participates in peer reviews of forensic interviews. She reads professional literature on forensic interviewing. She attends trainings, such as the Crimes Against Children's Conference, where she compares techniques of other attendees and discusses new developments in forensic interviewing. She described, among other things, forensic interviewing and techniques; victim dynamics; "red flags"; the process of disclosure; assessing cognitive ability; the importance of "sensory" narratives; suggestibility; possible effects of previous interviews on subsequent interviews; clarification; why some victims react differently than others; and the importance of not relying solely on the narratives of third persons other than the victim. Her testimony describing forensic interviews was based on her training and experience.

Appellant argues, "Hernandez's experience with 'forensic interviews,' likely qualified her as an expert in how 'forensic interviews' are conducted, but provided no expertise on their reliability, why or how they work, etc. Instead, Hernandez qualified as an expert only on the processes that are used in a 'forensic interview.'" However, we conclude Hernandez's specialized knowledge was derived from her specialized education and training and her practical experience, all to which she

testified. *See Rhomer*, 569 S.W.3d at 669; *Bellard v. State*, No. 05-21-00633-CR, 2023 WL 1097769, at *8 (Tex. App.—Dallas Jan. 30. 2023, pet. ref'd) (mem. op., not designated for publication) (trial court did not abuse its discretion in holding forensic interviewer was qualified to provide expert testimony). Also, her background was tailored to the area of expertise covered by her testimony. *See Bellard*, 2023 WL 1097769, at *8. We conclude the present case is analogous to this Court's *Bellard* opinion and follow it.

Accordingly, we conclude the trial court did not abuse its discretion when it ruled Hernandez was qualified to testify as an expert. *Cf. Rhomer*, 569 S.W.3d at 669; *Bellard*, 2023 WL 1097769, at *8.

. . .

We overrule appellant's second issue.

## MODIFICATION OF THE JUDGMENT

The State argues in three cross-issues that the trial court's judgment should be modified. Appellant's reply brief fails to address the State's request for modification.

## APPLICABLE LAW

This Court may reform a judgment to make the record speak the truth when it has the information necessary to do so. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.— Dallas 1991, pet. ref'd).

–12–

## SEX OFFENDER REGISTRATION AND C.T.'S AGE

First, the State argues we should modify the judgment to reflect that sex-offender registration requirements of the Texas Code of Criminal Procedure apply and should additionally reflect C.T.'s age at the time of the offense. The judgment's check-box is not checked adjacent to the judgment's language, "Defendant is required to register as a sex offender in accordance with Chapter 62, CCP." Additionally, the judgment recites, "(For sex offender registration purposes only) The age of the victim at the time of the offense was N/A."

Appellant's conviction for continuous sexual abuse of a young child is defined as a "[r]eportable conviction or adjudication" for purposes of the sex offender registration statute. *See* TEX. CODE CRIM. PROC. art. 62.001(5)(A) (providing that "reportable conviction or adjudication" includes a violation of section 21.02 of the penal code, continuous sexual abuse of young child). As a person who has a reportable conviction or adjudication, appellant is subject to registration requirements. *See id.* art. 62.051(a). Moreover, the appellate record contains evidence that C.T. was twelve years old when appellant began abusing her.

Accordingly, we modify the judgment in this case to reflect that sex offender registration requirements apply and that C.T. was twelve years of age at the time of the offense, as specified below. *See* TEX. R. APP. P. 43.2(b); *see also, Palmer v. State*, No. 05-19-01135-CR, 2021 WL 1049870, at *8 (Tex. App.—Dallas, Mar. 19,

–13–

2021, no pet.) (mem. op., not designated for publication) (modifying trial court's judgment to reflect that (1) the sex-offender registration requirements applied to defendant convicted of continuous sexual abuse of a child under the age of fourteen and (2) that L.P. was twelve years old at the time of the offense).

We sustain the State's first cross-point.

### C.T. WAS LESS THAN FOURTEEN YEARS OF AGE

Second, the State argues that the judgment be modified to reflect an affirmative finding that C.T. was younger than fourteen years of age at the time of the offense.[2]

The code of criminal procedure requires an affirmative finding that the victim of a sexually violent offense was younger than fourteen years of age at the time of the offense. *See* CRIM. PROC. art. 42.015(b). A "sexually violent offense" includes continual abuse of a young child under section 21.02 of the penal code if committed by a person seventeen years of age or older. *See id.* art. 62.001(6)(A).

Consequently, we must determine whether appellant was seventeen years or older at the time of the offense. The record shows C.T. was born December 24, 2005,

---

[2] The State's first two cross-points each concerns recitations in the trial court's judgment concerning C.T.'s age, and each cross-point affects different parts of the judgment. We underscore their differences here. In its first cross-point, the State requests that we modify "The age of the victim at the time of the offense was N/A" to "The age of the victim at the time of the offense was twelve years old" for purposes of sex offender registration requirements. In its second cross-point, the State requests that we modify the judgment to include an affirmative finding "that the victim . . . was younger than 14 years of age at the time of the offense" as is statutorily required in cases involving a "sexually violent offense."

and that she was twelve years old when appellant's frequent sexual abuse of her began in late 2017 or in 2018. Moreover, appellant was born October 28, 1979, making him thirty-eight years old in late 2017 or thirty-nine years old in late 2018—both ages well over age seventeen. *Cf. id.* art. 62.001(6)(A).

Accordingly, we modify the judgment to reflect a finding that C.T. was younger than 14 years of age at the time of the offense, as specified below. *See id.* art. 42.015(b); *Timmons v. State*, No. 05-19-00126-CR, 2020 WL 2110708, at *6 (Tex. App.—Dallas May 4, 2020, pet. ref'd) (mem. op., not designated for publication); *Alexander v. State*, No. 05-18-00784-CR, 2019 WL 3334625, at *6 (Tex. App.—Dallas July 25, 2019, no pet.) (mem. op., not designated for publication).

We sustain the State's second cross-point.

### FAMILY VIOLENCE

Third, the State argues we should modify the trial court's judgment to include an affirmative finding of family violence.

Article 42.013 of the Code of Criminal Procedure provides that if a trial court determines an offense under Title 5 of the Penal Code involved family violence, as defined by section 71.004 of the Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case. *See* CRIM. PROC. art. 42.013; *see also Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006) ("[T]he trial court is statutorily obligated to enter an affirmative finding

of family violence in its judgment, if during the guilt phase of trial, the court determines that the offense involved family violence as defined by TEX. FAM. CODE ANN. § 71.004(1).”). Section 71.004(1) of the Family Code provides in part that “[f]amily violence” means “an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault[.]” FAM. § 71.004(1). “Household” means “a unit composed of persons living together in the same dwelling without regard to whether they are related to each other.” *Id.* § 71.005. “Member of a household” includes “a person who previously lived in a household.” *Id.* § 71.006.

In the instant case, appellant was convicted of continuous sexual abuse of a young child, an offense under Title 5 of the penal code. *See* PENAL § 21.02.  It is undisputed that appellant—although not the C.T.’s biological father—lived in same dwelling that C.T. lived in when he sexually abused her. Thus, appellant’s continuous sexual abuse of a young child constitutes family violence. *See* CRIM. PROC. art. 42.013; FAM. §§ 71.004(1), 71.005; *Butler*, 189 S.W.3d at 302; *see also Suiters v. State*, No. 07-13-00352-CR; 2014 WL 4459135, at *1 (Tex. App.— Amarillo Sept. 10, 2014, pet. ref’d) (mem. op., not designated for publication) (“If the State charges an accused with a crime within the scope of § 71.004 and the evidence supports a verdict that the crime was committed, the finding must be entered by the trial court by statute.”).

Therefore, we conclude the trial court was statutorily obligated to include an affirmative family violence finding in the judgment. Accordingly, we modify the trial court's judgment to include an affirmative finding of family violence, as specified below.

We sustain the State's third cross-point.

## CONCLUSION

The trial court's judgment is modified as follows: (1) the box adjacent to the judgment's recital that "Defendant is required to register as a sex offender in accordance with Chapter 62, CCP" shall be modified to contain a checkmark or an "X"; (2) the judgment's recital that "The age of the victim at the time of the offense was N/A" shall be modified to "The age of the victim at the time of the offense was 12 years old"; (3) the judgment shall be modified to recite "The Court enters an affirmative finding of fact that the victim was younger than 14 years of age at the time of the offense"; and (4) the judgment shall be modified to recite "The Court enters an affirmative finding of fact that the offense of which appellant is convicted, section 21.02 of the Texas Penal Code, involved family violence."

As modified, the trial court's judgment is affirmed.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

220670F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

FERNANDO ANGELES DURAN,
Appellant

No. 05-22-00670-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F-2059926.
Opinion delivered by Justice
Pedersen, III. Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows: (1) the box adjacent to the judgment's recital that "Defendant is required to register as a sex offender in accordance with Chapter 62, CCP" shall be modified to contain a checkmark or an "X"; (2) the judgment's recital that "The age of the victim at the time of the offense was N/A" shall be modified to "The age of the victim at the time of the offense was 12 years old"; (3) the judgment shall be modified to recite "The Court enters an affirmative finding of fact that the victim was younger than 14 years of age at the time of the offense"; and (4) the judgment shall be modified to recite "The Court enters an affirmative finding of fact that the offense of which appellant is convicted, section 21.02 of the Texas Penal Code, involved family violence."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered May 24, 2024.